**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Larry Lynn LANGSTON, Defendant-Appellant.**

No. 78–5026

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

July 20, 1978.

Andrew Marshall, Athens, Ga. (Court-appointed), for defendant-appellant.

D. L. Rampey, Jr., U.S. Atty., Samuel A. Wilson, Jr., Asst. U.S. Atty., Macon, Ga., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

Defendant Larry Lynn Langston was convicted of bank robbery in violation of 18

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

U.S.C. § 2113. He contends on appeal that the trial court erred in ruling that evidence of several prior convictions could be admitted for impeachment purposes if defendant took the stand. We affirm the conviction.

Defendant made a pretrial motion to prevent the Government from using evidence of his earlier convictions to impeach his credibility. The district court ruled that convictions over ten years old and a conviction for escape in 1969 could not be admitted, but that evidence of convictions for robbery by assault in 1971, robbery in 1968 and larceny in 1969 would be allowed under Fed.R.Evid. 609(a)(1)[1] for the purpose of impeaching defendant's credibility. The district court determined that the probative value of this evidence outweighed the prejudicial effect. Defendant did not testify at trial and the Government, of course, did not introduce the convictions.

 Langston's failure to testify does not moot the issue of the admissibility of the prior convictions. *See United States v. Smith,* 1976, 179 U.S.App.D.C. 162, 170–171, 551 F.2d 348, 356–57. We conclude, however, that these three convictions were properly *found* admissible under Fed.R. Evid. 609(a)(1). At trial defendant claimed that he lacked the requisite mental state to commit the offense charged. The probative value of the three convictions for impeaching defendant's credibility regarding this assertion is apparent. The convictions were not too remote in time, as none of the convictions was over ten years old. The fact that defendant did not testify at his earlier trials is irrelevant, as the prior convictions were not found admissible under Fed.R.Evid. 609(a)(2) to show that defendant actually gave false testimony on previous occasions, but rather under Fed.R.Evid. 609(a)(1), to indicate that defendant's character was untrustworthy. *See United States v. Martinez,* 5 Cir., 1977, 555 F.2d

1273, 1275. Given the substantial probative value of the three convictions, the fact that some prejudice could have resulted from admission of the convictions does not constitute an abuse of discretion on the part of the district court. *See United States v. Wiggins,* 5 Cir., 1978, 566 F.2d 944, 946.

AFFIRMED.

---

1. Fed.R.Evid. 609(a) provides:

    For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.