**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gerald Leslie HITSMAN et al., Defendants-Appellants.**

**No. 79–5021**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 15, 1979.

---

* Rule 18, 5th Cir.; *see Isbell Enterprises, Inc. v. Citizens Cas. Co. of New York et al.*, (5th Cir., 1970) 431 F.2d 409, Part I.

James D. Whittemore, Asst. Federal Public Defender, Robert W. Knight, Federal Public Defender, Tampa, Fla., for Hitsman.

Patrick D. Doherty, Clearwater, Fla. (Court-appointed), for Reynolds.

Christopher J. Raleigh, St. Petersburg, Fla. (Court-appointed), for Perkins.

Gary L. Betz, U. S. Atty., Jacksonville, Fla., Anthony J. LaSpada, Sp. Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before GODBOLD, GEE and JOHNSON, Circuit Judges.

GEE, Circuit Judge:

All appellants appeal convictions under 18 U.S.C. § 2 and 21 U.S.C. §§ 812, 841(a)(1), and 846, for conspiracy to manufacture and distribute methamphetamine and substantive counts charging distribution and manufacture of methamphetamine. Appellants Reynolds and Hitsman also appeal convictions for distribution of methamphetamine to a minor under 18 U.S.C. § 2 and 21 U.S.C. § 845.

Appellants challenge the sufficiency of the evidence, the standard applied by the trial court in denying motions for acquittal, the court's charge to the jury, and the admissibility of certain evidence. For reasons stated below, we reject their arguments and affirm all convictions.

## FACTS

Laboratory equipment and substantial amounts of equipment were ordered from various companies and delivered to appellants Perkins' and Reynolds' residence at 2044 Lake Citrus Drive, Clearwater, Florida. The orders were made in the name of Suncoast Educational Aids, Inc.; however, there was no such corporation registered with the State of Florida, and the address was in an entirely residential area. The telephone number given on the Suncoast letterhead belonged to an individual who had not given his permission to use it. When taking delivery of the chemicals and lab equipment, Perkins and Reynolds signed fictitious names.

On one occasion, Perkins loaded a van with packages, and he and Reynolds drove the van by a circuitous route to appellant Hitsman's house in Largo, Florida. At Hitsman's address in Largo, in addition to his residence, were a trailer and a garage apartment. Perkins rented the latter during the conspiracy, although he still resided in Clearwater. Wayne McConnell, a juvenile, lived in the trailer, Hitsman being his landlord.

McConnell sold methamphetamine on three occasions to an officer of the Clearwater Police Department. McConnell told the officer that the methamphetamine had come from a chemist who had gone to school in the north. At trial, McConnell testified that he procured the methamphet-

amine from Hitsman and also related that Hitsman told him about a "lab" located in the garage apartment. Hitsman told McConnell that the lab had been broken into and that "Rod" (Rodney Perkins) had then moved out. McConnell found a small glass tube in the apartment after Perkins vacated it.

Other witnesses corroborated McConnell's story about the break-in at the "lab," stated that all three appellants were from the same small town in New York, and testified that Perkins had attended college in New York. One witness testified to Hitsman's use of methamphetamine that he obtained from Perkins.

An expert witness for the government examined the invoices for the various chemicals and equipment and gave his opinion that they were used to manufacture methamphetamine. After reviewing Perkins' college transcript, the same witness stated that an individual who had taken the courses shown thereon could manufacture methamphetamine.

## SUFFICIENCY OF THE EVIDENCE

■ Appellants Perkins and Hitsman argue that there is insufficient evidence to show that they were engaged in a conspiracy to manufacture methamphetamine or that they distributed same. We must view the evidence in the light most favorable to the government, while drawing all reasonable inferences and deciding credibility choices in favor of the jury's verdict. *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Under the facts given above, the evidence of a conspiracy to manufacture methamphetamine in the case at bar is overwhelming. To prove a conspiracy, the government must prove the existence of an agreement between two or more persons to combine efforts for an illegal purpose. Direct proof of an agreement is not necessary to establish a conspiracy; it may be proven by inferences from the actions of the actors or circumstantial evidence of the scheme. *United States v. Houde*, 596 F.2d 696, 702 (5th Cir. 1979). In proving the substantive counts of aiding and abetting, the government need only show that a defendant in some way associated himself with the venture, that he participated in it as in something he wished to bring about, and that he sought by his action to make it succeed. *Id.* at 703. The evidence at trial showed that Perkins and Reynolds used fictitious names to procure equipment; Hitsman rented the garage apartment to Perkins with knowledge of its intended use; Perkins was the chemist; and Hitsman received the drug from him, indulged in it, and sold it to McConnell. The jury's verdict on the conspiracy count and the substantive counts is amply supported by the evidence.

## MOTION FOR ACQUITTAL

■ Hitsman argues that the trial court applied an incorrect standard in ruling on his motion for acquittal of the manufacturing count. The proper test is whether a jury could conclude that the evidence and its inferences are inconsistent with every reasonable hypothesis of innocence. *United States v. Barresi*, 601 F.2d 193 (5th Cir. 1979). A review of the case at bar reveals that this standard was followed.

## CHARGE TO THE JURY

■ Hitsman next argues that the court erred in refusing to give his requested instructions on "mere presence or association" and on "aiding and abetting". In order to prevail on these grounds, Hitsman must show that the requested instructions were correct and that they were not substantially delivered by the trial court. *United States v. Cook*, 586 F.2d 572, 579 (5th Cir. 1978). Our review of the court's charge on conspiracy and particularly "mere presence" reveals that the charge was correct as given and substantially included the instruction requested.[1] The

1. The trial judge's conspiracy charge included the following:

> One may become a member of a conspiracy without full knowledge of all the details of the conspiracy. However, mere presence

court's instruction on aiding and abetting is detailed and lengthy; while it does not include an instruction on "mere presence", it does emphasize the element of willfulness in several places. The charge as given substantially included the requested charge. There was no error.

## ADMISSIBILITY OF EVIDENCE

■ Perkins challenged the trial court's admission of hearsay statements of Hitsman. As McConnell was about to testify to what Hitsman had told him about the lab, Perkins' attorney objected, and a hearing was conducted by the judge outside the presence of the jury. After testimony by Hitsman, the trial court determined that a conspiracy did exist and that the statements had been made during the course of and in furtherance of it. This satisfies the requirement laid down in *United States v. James*, 590 F.2d 575 (5th Cir. 1979), and the finding is not clearly erroneous. Perkins now argues that the statements of Hitsman to McConnell were made during the cover-up phase of the conspiracy and are thus inadmissible under *Lutwak v. United States*, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593 (1953). The evidence shows, however, that while the lab might have been moved at the date the statements were made, methamphetamine was still being distributed; thus, the court's ruling was correct.

■ Perkins' argument that the admission of Hitsman's statement about him operated to deny him his sixth amendment right to confrontation is frivolous. *See United States v. Johnson*, 575 F.2d 1347, 1362 (5th Cir. 1978) (citing *Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970)). Thus, the trial judge was correct in denying Perkins' motion for severance.

■ Perkins challenges the admission of a copy of his college transcript by the government. We agree that the transcript could not properly be admitted as a business record under Fed.R.Evid. 803(6), since neither the custodian nor any other qualified witness was available to testify as to how such records were kept. However, the court admitted the transcript under Rule 803(24), the general hearsay exception, and found it to be a self-authenticating document under Rules 901 and 902. The court took judicial notice of the existence of the college and found that it was normal for a college to make such a record in the course of its operations and that the exhibit had the indicia of being an authentic copy since it bore a seal above the registrar's signature. The personal information about Perkins contained on the transcript was corroborated by a government witness who testified to Perkins' personal history. Under these circumstances, the document was properly authenticated and reliable; there was no error in its admission.

## EXTRINSIC OFFENSES

■ Appellant Reynolds challenges the trial court's ruling that, should Reynolds take the stand to testify in his own behalf, a guilty plea to the possession and sale of three pounds of marijuana could be admitted to show intent. The fact that Reynolds then chose not to testify does not moot the issue of the admissibility of the prior convictions. *United States v. Langston*, 576 F.2d 1138 (5th Cir. 1978).

■ In *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1977) (en banc), this court reviewed the rules regarding the admissibility of evidence of extrinsic offenses under Rule 404(b), Fed.R.Evid. First, the evidence must be relevant to an issue other than the defendant's character, here Reynolds' intent. Second, the evidence must possess probative value that is not substantially outweighed by undue prejudice. *Id.* at 911.

at the scene of an alleged transaction or event, or mere similarity of conduct among various persons and the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

The requested charge read:
In order to establish participation in a conspiracy the government must show more than mere presence or association.

In order to be relevant, an extrinsic offense must be similar to the one charged. The trial court should also consider how much time separates the offenses. Evidence of prior drug dealings is highly probative of intent to distribute a controlled substance, as well as involvement in a conspiracy. *See United States v. Barnes*, 586 F.2d 1052 (5th Cir. 1978). Here the offenses were only two to three years apart; Reynolds was still on probation for the state marijuana offense when arrested on the federal offense. Marijuana is a controlled substance, just as is methamphetamine. Under these circumstances, the court properly ruled that the evidence would be admissible to prove Reynolds' intent in the conspiracy. We do not believe that the trial judge improperly balanced the probative value of the prior offense against its prejudicial effect.

Finding no error, we accordingly AFFIRM all appellants' convictions.