**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Finis TONEY, Jr., Defendant-Appellant.**

No. 78–5433.

United States Court of Appeals, Fifth Circuit.

April 9, 1980.

Ronald W. Maxwell, Jacksonville, Fla., for defendant-appellant.

Thomas E. Morris, Asst. U. S. Attys., Jacksonville, Fla., for plaintiff-appellee.

Before TUTTLE, TJOFLAT and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

This case presents the question whether a district court has the discretion under rule 403 of the Federal Rules of Evidence[1] to prohibit the impeachment of a witness with a conviction for a crime involving dishonesty or false statement (a *crimen falsi*).[2] We hold that the court has no such discretion and that a cross-examiner has an absolute right to introduce a *crimen falsi* conviction for impeachment purposes.[3]

### I

On April 4, 1978, James Finis Toney, Jr. was convicted by a jury of mail fraud, 18 U.S.C. §§ 2, 1341 (1976). Prior to trial, Toney filed a motion in limine to preclude the Government from impeaching his credibility with a prior mail fraud conviction[4] if he chose to testify in his own defense. The district court deferred ruling on Toney's motion until trial. During the defense case, the court, in colloquy with counsel, expressed the view that use of the conviction

---

1. Fed.R.Evid. 403 provides:

   Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

2. The use of prior convictions for impeachment purposes is authorized by Fed.R.Evid. 609(a), which provides:

   For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

3. Our holding is, of course, limited by the provisions of Fed.R.Evid. 609(b)–(d) that grant a court discretion, under certain circumstances, to exclude a *crimen falsi* conviction.

4. The prior conviction occurred on October 18, 1977, and arose from the same type of illegal conduct that gave rise to the conviction we now review. This previous conviction was affirmed, *United States v. Toney*, 598 F.2d 1349 (5th Cir. 1979), *cert. den.*, —— U.S. ——, 100 S.Ct. 706, 62 L.Ed.2d 670 (1979), as was a third mail fraud charge, *United States v. Toney*, 605 F.2d 200 (5th Cir. 1979).

for impeachment would be so prejudicial to Toney that he would probably decide not to testify. Record, vol. 9, at 931–32. No one considered, apparently, whether Fed.R. Evid. 609(a)(2) gave the prosecutor an unqualified right to impeach Toney with the conviction. Before it came time for Toney to testify, however, the Government called rule 609(a)(2) to the court's attention, and the court concluded that the rule required it to permit the impeachment. Record, vol. 10, at 1157. Toney did not take the stand and claims that the court's ruling prevented him from doing so.

■ Though Toney did not testify or even proffer his proposed testimony, and though the jury could not have been influenced by the allegedly prejudicial mail fraud conviction, Toney may, nevertheless, claim reversible error in the district court's disposition, albeit tentative, of his motion to foreclose the prosecution from attempting a line of impeachment. *United States v. Langston*, 576 F.2d 1138, 1139 (5th Cir.) (per curiam), *cert. denied*, 439 U.S. 932, 99 S.Ct. 324, 58 L.Ed.2d 327 (1978); *see United States v. Hitsman*, 604 F.2d 443, 447 (5th Cir. 1979). We conclude that the district court read rule 609(a)(2) correctly, however; it had no discretion to prevent the prosecution's use of the *crimen falsi* as impeachment evidence. We, therefore, affirm Toney's conviction.[5]

## II

It is established that mail fraud is a crime involving "dishonesty or false statement." *United States v. Cohen*, 544 F.2d 781, 785 (5th Cir.), *cert. denied*, 431 U.S. 914, 97 S.Ct. 2175, 53 L.Ed.2d 224 (1977); *accord, United States v. Brashier*, 548 F.2d 1315, 1326–27 (9th Cir. 1976), *cert. denied*, 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 565 (1977). Subsection (a)(2) rather than (a)(1) of rule 609 therefore applies in determining the admissibility of a mail fraud conviction for impeachment. Rule 609(a)(2) contains no provision for excluding evidence of a *crimen*

*falsi* on the ground of undue prejudice; that ground can serve as a basis for excluding such evidence only if rule 403, with its prejudice versus probative value weighing provision, is applicable. Rule 609(a)(2) provides that evidence of a prior criminal conviction for a *crimen falsi* offense *shall* be admitted to attack a witness's credibility during cross-examination. When discussing rule 609(a)(2) Congress made this clear:

> The admission of prior convictions involving dishonesty and false statement is not within the discretion of the Court. Such convictions are peculiarly probative of credibility and, under this rule, are always to be admitted. Thus, *judicial discretion granted with respect to the admissibility of other prior convictions is not applicable to those involving dishonesty or false statement.*

H.R.Conf.Rep.No.93–1597, 93d Cong., 2d Sess. 9, *reprinted in* [1974] U.S. Code Cong. & Admin.News, pp. 7098, 7103 (emphasis added). A number of courts have adhered to this congressional intent, observing that a court has no discretion to exclude evidence of a prior *crimen falsi* conviction. *See, e. g., United States v. Fearwell*, 193 U.S.App.D.C. 386, 392, 595 F.2d 771, 777 (D.C.Cir.1979); *United States v. Hawley*, 554 F.2d 50, 52 (2d Cir. 1977).

■ Despite the unambiguous language of both rule 609(a)(2) and its legislative history, however, both courts and commentators have posed the question whether the general weighing test of rule 403 determines admissibility where prejudice, which always inheres in the introduction of a conviction for impeachment, is likely. *See, e. g., United States v. Papia*, 560 F.2d 827, 845 n. 10 (7th Cir. 1977); *United States v. Hayes*, 553 F.2d 824, 827 n. 4 (2d Cir.), *cert. denied*, 434 U.S. 867, 98 S.Ct. 204, 54 L.Ed.2d 143 (1977); *United States v. Smith*, 179 U.S.App.D.C. 162, 172–79 n. 20, 551 F.2d 348, 358–59 n. 20 (D.C.Cir.1976); *United States v. Dixon*, 547 F.2d 1079, 1083 n. 4 (9th Cir. 1976); P. Rothstein, Rules of Evi-

---

5. Toney raises a number of contentions in this appeal, but this evidentiary issue is the only one that merits any discussion.

dence 211 (2d ed. 1978); 3 J. Weinstein & M. Berger, Evidence ¶ 609[03a], at 609–73 (1978). At least one commentator has expressed the view that rule 403 should control. Younger, *Three Essays on Character and Credibility Under the Federal Rules of Evidence*, 5 Hofstra L.Rev. 7, 12 (1976). We hold, however, that Congress meant what it said in rule 609(a)(2)—that the fact of a prior conviction for an offense such as mail fraud is always admissible for impeachment purposes.

As we have observed, Congress used absolute language when discussing the admissibility of rule 609(a)(2) offenses. Congress carefully and extensively considered the prior crimes impeachment issue, devoting more time to it than any other rule of evidence. *See* J. Weinstein & M. Berger, *supra*. Rule 403 is a general rule, "designed as a guide for the handling of situations for which no specific rules have been formulated." 28 U.S.C. Rules of Evid. Advisory Comm. Notes at 550 (1976). Rule 609(a)(2) is a well-considered, specific provision enacted to cover a distinct issue in the law of evidence. Congress thoroughly considered the pros and cons of the mandatory admissibility of limited types of prior crimes evidence and determined that in certain cases it was to be the rule. Rule 403 simply has no application where impeachment is sought through a *crimen falsi. See* Note, *Impeachment Under Rule 609(a): Suggestions for Confining and Guiding Trial Court Discretion*, 71 Nw.U.L.Rev. 655, 661 (1976). The district court was correct when it held that, if Toney took the stand, the Government had the right to impeach him with his prior mail fraud conviction. Accordingly, the judgment of that court is

AFFIRMED.

TJOFLAT, Circuit Judge, concurring:

I concur in Judge Hill's opinion in this case. I write specially, however, because I believe that Toney should not be permitted to raise his evidentiary claims at all. As Judge Hill points out, *ante*, at 279, Toney, who never took the stand in his own defense or even proffered his proposed testimony, is permitted to appeal the trial court's ruling on the Fed.R.Evid. 609(a)(2) question because of our holding in *United States v. Langston*, 576 F.2d 1138, 1139 (5th Cir.) (per curiam), *cert. denied*, 439 U.S. 932, 99 S.Ct. 324, 58 L.Ed.2d 327 (1978). *See United States v. Hitsman*, 604 F.2d 443, 447 (5th Cir. 1979). In my view, that decision, by which we are bound, was ill-considered.

Prior crimes impeachment under rule 609(a)(1) for a non-*crimen falsi* is based on a judicial balancing of the need for the impeachment and the potential prejudice to the defendant. Quite often, such a balance will be a fine one, and the court will be torn between the prosecution's right to show a defendant's true colors and the defendant's right to be tried only on the charges of the indictment, not on his prior criminal record. *See* Fed.R.Evid. 404(b). In *Toney's* case, the court was moved initially to find that the scale tipped towards exclusion, *ante*, at 278–279, but ruled as it did because the weighing of probative value vis-a-vis prejudice is foreclosed under rule 609(a)(2).

A court should not be expected to determine before trial whether the defendant will be subject to impeachment under rule 609, even when the defense proffers what the defendant would be expected to say in the event he chose to testify. Rather, the determination should be made only when the actual moment for prior crimes impeachment arrives. At that time, the court will have heard the prosecution's case and part of the defense's case and can assess the impact of the evidence on the jury. Having heard the defendant's testimony on direct examination and on cross, up to the point of the attempted impeachment, the court would be in the best possible position to determine (1) whether the defendant has left himself open to impeachment at all [1]

---

1. It is conceivable, albeit highly unlikely, that the credibility of the defendant's testimony will not be in issue; hence, the court may disallow altogether any prior crimes impeachment, even with a *crimen falsi*. Or, if impeachment by a non-*crimen falsi* is sought, the court may well conclude that the defendant's testimony is so incredible and, in light of the overwhelming

and, (2) if a non-*crimen falsi* is involved, whether the probative value of the impeachment outweighs its prejudicial effect.

By reviewing a pretrial ruling on the admissibility of prior crimes for impeachment, we invite resourceful defense counsel to create reversible error. Under the *Langston* construction of rule 609, reinforced by today's holding, defense counsel might be considered remiss, perhaps incompetent, for not seeking a pretrial determination whether his client will be subject to impeachment with a criminal record. We invite counsel to pursue such a determination even though he has no intention of placing the defendant on the stand in the presence of the jury. If the court rules that the defendant will be subject to prior crimes impeachment, defense counsel holds potential error in his pocket as a trump card in case of conviction. On appeal, the defendant should be expected to claim that he was kept off the stand by the court's adverse ruling, and that, had he testified, he would have convinced the jury of his innocence or at least created a reasonable doubt as to his guilt.

*Langston* stands for the proposition that we must review the trial court's ruling even where, as here, the record on appeal contains nothing to indicate (1) whether *any* impeachment of the defendant by prior crimes was in order and, if so, (2) whether, under rule 609(a)(1), the probative value of the impeachment outweighed its prejudicial effect. I find such a task an impossible exercise. Even in a case where the defendant or his counsel has proffered the defendant's proposed testimony, I still would have great difficulty in saying with any degree of confidence, in a rule 609(a)(1) situation, whether the likelihood of undue prejudicial effect on the jury made inappropriate prior crime impeachment. We would be inclined, I think, to accept an appellant's representation that he would have testified but for the trial judge's ruling; we would also be inclined to hold that the trial judge's erroneous ruling was not harmless.

Should the trial judge rule for the defense on the impeachment question, the defendant could not be forced to take the stand, even where he has represented in his pretrial motion, or in his proffer, that he would testify. Any trial changes complexion as it progresses, and a defendant who, earlier, may have anticipated testifying, may well conclude at the eleventh hour that to do so would be foolhardy.

If a trial judge adopts the policy of considering objections to prior crimes impeachment *after* a defendant has taken the stand, direct examination is over, and the moment of impeachment has arrived, only those defendants actually prejudiced by an adverse ruling will be heard on appeal. If the impeachment was inappropriate, reversible error would be found. It is true that a defendant will have to risk an adverse ruling if he chooses to testify, but this is not an undue burden for him to bear. It is a burden that he must bear when faced with any other potentially damaging impeachment.

I do not write on a clean slate here. In *New Jersey v. Portash*, 440 U.S. 450, 99 S.Ct. 1292, 59 L.Ed.2d 501 (1979), the Supreme Court permitted a state court defendant who failed to testify at trial to raise a constitutional objection to a trial court ruling that, he claimed, kept him off the stand. In so holding, the Court did not say that it *had* to consider the claims, but, rather, that it would do so because a state appellate court heard the case on its merits. 440 U.S. at 452–56, 99 S.Ct. at 1294–95. Justices Powell and Rehnquist pointed out that the Constitution does not *require* review of such a claim. In fact, "requiring that the claim be presented only by those who have taken the stand will prevent defendants with no real intention of testifying from creating *artificial* constitutional challenges to their convictions." *Id.* at 462, 99 S.Ct. at 1299 (Powell, J., concurring) (emphasis added). Since New Jersey chose

---

evidence against him, will, clearly, be disregarded by the jury, that to impeach the defendant with a prior offense would serve no goal

other than to convince the jury that he is a bad person.

to review the defendant's contention, however, Justice Powell felt that the Court should do so as well. *Id.* In dissent, Justice Blackmun and the Chief Justice argued that Portash's complaint was so remote and speculative that it could not constitutionally be reviewed due to the "case or controversy" requirement of article III of the Constitution. *Id.* at 462–471, 99 S.Ct. at 1299–1303 (Blackmun, J., dissenting). Thus, the Supreme Court would not require appellate review of a contention such as Toney's, and at least two justices would not permit it at all.

A number of other courts have ruled on the specific issue I address. The First Circuit does not require advance rulings on rule 609 questions, but it certainly encourages them. *United States v. Oakes,* 565 F.2d 170, 171 (1st Cir. 1977); *see United States v. Hickey,* 596 F.2d 1082, 1087 (1st Cir.), *cert. denied,* —— U.S. ——, 100 S.Ct. 107, 62 L.Ed.2d 70 (1979). *Cf. United States v. Cavender,* 578 F.2d 528, 530 & n.5 (4th Cir. 1978) (allows pretrial ruling on motion to exclude impeachment with prior conviction over ten years old under rule 609(b)). The Ninth Circuit formerly held that a defendant waived his objection to an advance ruling if he did not take the stand, even though he later represented that he had elected not to testify because of that ruling. *E. g., United States v. Fulton,* 549 F.2d 1325, 1327 (9th Cir. 1977). The Eighth Circuit has reached a similar result. *United States v. Johnston,* 543 F.2d 55, 59 (8th Cir. 1976). In *United States v. Cook,* 608 F.2d 1175 (9th Cir. 1979) (en banc), the Ninth Circuit overruled its prior decisions and held that a defendant may fail to testify and still preserve his objection to a rule 609(a)(1) ruling. Five judges disagreed with that result, and in so doing expressed some of the concerns I have raised. *Id.* at 1188–91 (Kennedy, J., concurring in part and dissenting in part); *id.* at 1191–92 (Sneed, J., concurring in part and dissenting in part). As for the Fifth Circuit, we, without any real discussion or analysis, adopted a result in *United States v. Langston* like that the Ninth Circuit now has reached.

There are some procedural problems inherent in the pretrial hearing device, especially where impeachment by a non-*crimen falsi* is being considered, that I have not touched upon but are worthy of mention. First, what kind of hearing is the court to hold? If the defendant does not take the stand to proffer what he intends to tell the jury later in his own defense, then how is the prosecutor to carry his burden of proving "that the probative value of admitting [the prior conviction] outweighs its prejudicial effect to the defendant"? Fed.R.Evid. 609(a)(1). Unless the defendant is placed under examination, the prosecutor may well be foreclosed from establishing the admissibility of the impeachment evidence. If the defendant submits to examination, how extensive may the prosecutor's examination be? If it is restricted to matters brought out by the defendant on direct, the direct examination will be brief—too brief to warrant prior crimes impeachment, the defense will no doubt contend. If the defendant participates in the proffer and is subjected to cross-examination, the question then arises: may the prosecutor use the proffered testimony for impeachment purposes when the defendant testifies before the jury? Suppose the defendant develops a line of defense before the jury that he withheld from his proffer; may the prosecutor establish the point on cross?

Finally, suppose the trial judge, at the pretrial hearing, concludes that the defendant is not subject to prior crimes impeachment or that the impeachment would be too prejudicial to be admissible under rule 609(a)(1). Armed with this favorable ruling, the defendant elects to testify in the defense's case-in-chief. By the time cross-examination arrives, it is apparent that the defendant is clearly open to impeachment by a non-*crimen falsi* and any prejudice is outweighed by the probative value of the impeachment. If the trial judge reverses himself and allows the impeachment, the defendant should be expected to claim something akin to "entrapment." The favorable pretrial ruling, he might argue, induced him to testify; moreover, it dictated an entire trial strategy he would, otherwise, not have followed.

If there is any utility in the *Langston* approach, it is, in my judgment, made worthless by the mischief it will create.

TUTTLE, Circuit Judge, dissenting:

I respectfully dissent from the majority's establishment of an absolute rule requiring admission of a prior *crimen falsi* conviction. I would hold that a district court judge may exclude evidence of a prior conviction involving dishonesty when the prejudicial effect of the evidence is overwhelming.

In formulating the Federal Rules of Evidence, Congress authorized introduction of two types of prior convictions for impeachment purposes—felony convictions and convictions involving dishonesty or false statement. After lengthy debate, Congress chose to treat these two classes of convictions differently, according greater value to convictions involving dishonesty. Under rule 609(a) of the Federal Rules of Evidence, crimes punishable by death or imprisonment for more than one year shall be admitted if "the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant." Fed.R.Evid. 609(a). This limitation on the admission of felony convictions reflects the traditional concern over admission of prior convictions for impeachment purposes—that the relevance of a conviction to the defendant's credibility will not justify the prejudice that occurs if the jury considers the prior conviction as evidence of present guilt. The judge, in considering felony convictions, is instructed to apply a simple balancing test, measuring probative value against prejudicial effect. This test is not, however, applied to convictions involving dishonesty. Congress determined that these convictions are particularly probative of a defendant's credibility and therefore should not be subjected to the simple balancing between probative value and prejudicial effect.

I do not believe that application of rule 403 of the Federal Rules of Evidence to rule 609(a) will necessarily contravene the intent of Congress to treat these two types of convictions differently. Rule 403 is a general rule which provides the flexibility that is essential in any set of procedural or evidentiary rules. The rule expresses recognition that evidence which is relevant, probative, and admissible under other rules, may nonetheless be so prejudicial that it should be excluded. Rule 403 does not, however, sanction general application of a simple balancing test, such as that in rule 609(a)(1), to evidence admissible under other rules. Instead, it permits only the use of a much more stringent test; evidence may be excluded "if its probative value is *substantially* outweighed by the danger of *unfair* prejudice." Fed.R.Evid. 403 [emphasis added]. To apply the rule 403 test for exclusion to rule 609(a) would not subject convictions involving dishonesty to the same treatment as felony convictions. While felony convictions may be excluded if their prejudicial effect outweighs their value as impeachment evidence, convictions involving dishonesty could be excluded only upon a strong showing of overwhelming prejudice to the defendant.

Because of the Congressional recognition, embodied in rule 609(a)(2), of the great probative value of a *crimen falsi* conviction, it is unlikely that a defendant would often be able to make the necessary showing to require exclusion. Nonetheless, the purpose of rule 403 was to provide judges some flexibility in cases where the possibility of prejudice is extremely great, and I feel that this case comes within that limited group of cases. The defendant's prior conviction for mail fraud was offered to impeach the defendant's credibility as a witness; it was, of course, not relevant as substantive evidence to prove the defendant's guilt in the offense at trial. Despite the undeniable relevance of the prior conviction to the issue of credibility, the prejudice inherent in admission of this conviction is so great that its use should have been limited. It would be hard to imagine evidence more prejudicial, in a trial for mail fraud, then the defendant's prior conviction for mail fraud. I would suggest that the probative value of a conviction involving dishonesty is substantially outweighed by the danger of unfair prejudice to the defendant, when the prior con-

viction concerns the same kind of offense as that for which the defendant is being tried. A judge should not be prohibited from excluding this evidence by a rigid holding that rule 403 can never be applied to rule 609(a)(2).