**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James WILLIAMS, Defendant-Appellant.**

**No. 80–7189.**

United States Court of Appeals, Fifth Circuit. Unit B

April 8, 1981.

---

Walter W. Kelley and Richard Hodge, Albany, Ga., for defendant-appellant.

Edgar W. Ennis, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before GODBOLD, Chief Judge, TUTTLE and HILL, Circuit Judges.

HILL, Circuit Judge:

James Williams appeals a jury conviction for stealing four pairs of Marine Corps combat boots. 18 U.S.C. § 641.[1] He was sentenced to twelve months in prison, six months being suspended, with five years probation.

Williams was a civilian employee in the Material Division at the Marine Corps Logistics Base in Albany, Georgia. Among his duties, Williams unlocked and opened warehouse 1240, which contained military clothing including combat boots. For approximately thirty minutes, until the other employees arrived, Williams was the only individual in charge of security at the warehouse.

On December 4, 1979 Williams was stopped at a security check point as he was leaving the base. Four paper bags were found in his car. Each contained a pair of combat boots.

Evidence produced at trial showed that these boots came from warehouse 1240 not the cash sales store. When boots are purchased at the cash sales store they are placed in a bag and the cash register ticket is stapled to the bag. No cash sales receipts were stapled to the bags in appellant's possession. Furthermore, the paper bags used in warehouse 1240 have a different logo than those used at the cash sales store. All the bags discovered in appellant's possession had the warehouse 1240 logo.

---

1. The grand jury charged:

That on or about December 4, 1979, in the Albany Division of the Middle District of Georgia,

JAMES WILLIAMS

did embezzle, steal, and purloin a thing of value of the United States and a department and agency thereof, to wit: four pairs of boots, of a total value not exceeding $100, the property of the United States Marine Corps; all in violation of 18 U.S.C. § 641.

Prior to trial Williams moved to prohibit the government from impeaching him with a 1976 state bribery conviction. This conviction had been entered pursuant to a plea of *nolo contendere*. The Court reserved its ruling on appellant's motion.

During the trial, defense counsel called Williams to the stand. Before commencing his examination, defense counsel inquired outside the hearing of the jury whether or not the court would allow the government to use Williams' prior state bribery conviction for impeachment. The trial judge ruled that the prior conviction could be used to impeach. Record, Vol. III, at 126–127.

At defense counsel's request, Williams explained the circumstances of his prior conviction. This hearing was held outside the hearing of the jury. After the hearing the trial judge reaffirmed his decision to admit the conviction.

Williams raises two points on appeal. First, he argues that a conviction which is otherwise admissible under Fed.R.Evid. 609 should not be admitted if based on a plea of *nolo contendere*. This is an issue of first impression. Second, he asserts that the trial judge's instruction on embezzlement was prejudicial error because there was no factual basis for the charge. For the reasons set out below, we affirm.

I. *Admissibility of a "Nolo Conviction"*

Rule 609 reads in relevant part:

(a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been *convicted* of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

(emphasis added). The rule does not distinguish between convictions resulting from a guilty verdict or plea and those resulting from a plea of *nolo contendere*. The Rule's history supports the conclusion that no distinction was intended.

In the 1971 draft of Rule 609 subsection (a) began as follows:

(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime, *except on a plea of nolo contendere,* is admissible . . . .

10 Moore's Federal Practice § 609.01[1–5] at VI–105 (1979 ed.) (emphasis added). The Committee Note to subsection (a) read in pertinent part:

Consistently with the general inadmissibility of pleas of *nolo contendere* under Rule 410, convictions based upon them are not usable for impeachment.

*Id.* at VI–107.

However, this exception for nolo convictions was deleted in the Rules adopted by the Supreme Court in 1972. And, of course, it does not appear in the rule enacted by Congress. Therefore, we can infer that Congress did not intend a separate treatment for convictions based upon pleas of nolo. One commentator has pointed out that Congress drew heavily from the 1971 draft and therefore "it must be assumed that it was aware that at one stage convictions based on nolo pleas were expressly excluded from the Rule." McCormick on Evidence, 1978 Pocket Part § 43 at 13, n. 68 (E. Cleary 2d ed. 1972).

Admitting a nolo conviction under Rule 609 is well founded. A judgment entered on a plea of *nolo contendere* adjudicates guilt with the same finality and force as a judgment entered pursuant to a guilty plea or a conviction following trial. It is well settled that a plea of *nolo contendere* admits "every essential element of the offense [that is] well pleaded in the charge." *Lott v. United States,* 367 U.S. 421, 426, 81 S.Ct. 1563, 1567, 6 L.Ed.2d 940 (1961); *see United States v. Frederickson,* 601 F.2d 1358, 1365 n. 10 (8th Cir. 1979) (no distinction for the purposes of admissibility under Fed.R.Evid. 404 between a judgment of conviction based on a nolo plea and a judg-

ment of conviction obtained in any other manner comporting with due process).

It has been suggested that the distinction between a plea of *nolo contendere* and a conviction based on a plea of *nolo contendere* is inconsequential. *See United States v. Morrow*, 537 F.2d 120, 142–145 (5th Cir. 1976). Close examination shows, however, that there is a distinct and meaningful difference between the evidentiary use of a *plea* to a criminal charge and a *conviction* of a criminal charge.

When a defendant is advised of the charge against him and asked to plead to it, his response that he is "guilty" constitutes an admission. He has made a most solemn statement that he has acted as charged. If, on a subsequent occasion (perhaps in a civil action predicated on the acts charged in the criminal case), the same person denies having done those acts, he is subject to impeachment by his prior statement (plea of guilty) inconsistent with the later denial. A plea of "not guilty" admits nothing; it is not inconsistent with a later denial of the acts charged, even though he be convicted in the criminal case. (Whether or not the conviction could be used would depend upon the laws made and provided for the use of criminal convictions as evidence which may vary from jurisdiction to jurisdiction and from case to case.)

A plea of *nolo contendere* performs a specific function. As a statement of the defendant for which he may, in another proceeding or on another occasion be called upon to account, it admits nothing. It is the same as a plea of not guilty. However, in the criminal proceeding then pending, the plea of *nolo contendere* is taken as a complete admission of guilt leading to a judgment of conviction.

█ Once convicted, whether as a result of a plea of guilty, *nolo contendere*, or of not guilty (followed by trial), convictions stand on the same footing, unless there be a specific statute creating a difference.[2]

Clearly the rule governing our issue, Fed.R. Evid. 609, creates no difference between convictions according to the pleas that preceded them. Indeed, as we have seen, the history of this rule discloses that a difference was originally proposed and finally rejected.

Rule 609(a) permits proof of the *conviction*. Were it pertinent, however, the prosecutor could not prove that appellant had admitted his guilt by his *plea*. He did for the purpose of the case in which it was entered, but for all other purposes he preserved his denial.

This difference between a nolo plea and a nolo conviction is further illustrated by the stated policies of Federal Rules of Evidence 410 and 609. Rule 410 states that a plea of *nolo contendere* "is not admissible in any civil or criminal action, case, or proceeding against the person who made the plea . . ." This exclusion "has as its purpose the promotion of disposition of criminal cases by compromise." Advisory Committee Note to Rule 410, 10 Moore's Federal Practice § 410.01[6] at IV–189 (1979 ed.). Nolo pleas create a significant incentive for the defendant to terminate the pending litigation in order to avoid admitting guilt for subsequent litigation.

Of course, the prosecution may oppose a nolo plea because it wants a more definite resolution for correctional purposes or for reasons of subsequent litigation. *See* 1975 Advisory Committee Note to Rule 11, 10 Moore's Federal Practice ¶ 11.01[4] at 11–8 (1979 ed.). Under Fed.R.Crim.Pro. 11(b), the trial judge may or may not accept the nolo plea after balancing the interests of the parties and the larger public interest in the effective administration of justice.

█ In contrast, Rule 609 governs the use of convictions for impeachment. Its Advisory Committee Note states:

As a means of impeachment, evidence of conviction of crime is significant only be-

---

2. An example of a statute which treats nolo convictions differently is Section 5 of the Clayton Act, 15 U.S.C. § 16(a), which prohibits the use of nolo convictions in subsequent actions

under § 15a of that title. *General Electric Co. v. City of San Antonio*, 334 F.2d 480 (5th Cir. 1964).

cause it stands as proof of the commission of the underlying criminal act.

Advisory Committee Note to Rule 609, 10 Moore's Federal Practice § 609.01[1–10] at VI–117 (1979 ed.). As a nolo plea is an admission of every element of the offense, *Lott v. United States*, 367 U.S. at 426, 81 S.Ct. at 1567, a conviction based on such a plea is as conclusive for the purposes of Fed.R.Evid. 609 as a conviction based on a guilty plea or verdict.[3]

 Williams' bribery conviction could have been admitted under either subsection (a)(1) or (a)(2) of Rule 609.[4] Under Georgia law, bribery is punishable by up to twenty years imprisonment. Ga.Code Ann. § 26–2301. Thus, pursuant to the defendant's testimony the trial judge could have determined that the probative value of admitting the conviction outweighed its prejudicial effect to the defendant. Fed.R.Evid. 609(a)(1). Furthermore, bribery is a *crimen falsi* in that it involves dishonesty. *See* 3 J. Weinstein & M. Berger, Weinstein's Evidence 609–73 n. 4 (1978). Hence, it is automatically admissible. Fed.R.Evid. 609(a)(2), *United States v. Toney*, 615 F.2d 277 (5th Cir. 1980). James Williams prior state bribery conviction based on a plea of *nolo contendere* was properly admitted.[5]

## II. *The Embezzlement Instruction*

Appellant contends that it was error for the trial judge to give a charge on embezzlement when the evidence failed to show that Williams was ever in lawful possession of the boots located in warehouse 1240. Appellant's Brief, at 14–15.

 A trial judge's instructions must reasonably relate to the factual situation of the case. *Adjmi v. United States*, 346 F.2d 654, 658 (5th Cir. 1965). However, if there is a factual controversy it is usually for the jury to resolve not for the court to find as a matter of law. *Pierce v. United States*, 414 F.2d 163, 168 n. 10 (5th Cir. 1969).

 In this case the trial judge charged the jury:

Embezzle, ladies and gentlemen, means the wrongful or willful taking of property of someone else after the property has lawfully come within your possession or control.

Record, Vol. IV, at 36. This charge is legally correct. *See Grin v. Shine*, 187 U.S. 181, 23 S.Ct. 98, 47 L.Ed. 130 (1902); La Fave & Scott, *Criminal Law* § 89 at 650–51 (1972 ed.). Furthermore, there is ample evidence that Williams exercised control over the merchandise in question. Every morning Williams signed out a key and opened warehouse 1240. Appellant performed this duty approximately thirty minutes before any other employee arrived. Until others arrived, Williams was in sole charge of security at the warehouse.

Williams' control over the boots was a factual issue. The trial judge properly submitted the issue to the fact-finder. *See United States v. Evans*, 572 F.2d 455, 471 (5th Cir. 1978).

The government proved its case. Accordingly, appellant's conviction is

AFFIRMED.

**3.** The commentators uniformly support the position that a nolo conviction is admissible under Rule 609. 10 Moore's Federal Practice § 609.-12[2] (2d ed. 1979); McCormick on Evidence, 1978 Pocket Part, § 43 at 13 n. 68 (E. Cleary 1972 ed.); 3 J. Weinstein and M. Berger, Weinstein's Evidence ¶ 410[01] at 410–20 (1978 ed.).

**4.** Appellant's failure to testify does not prohibit him from challenging the admissibility of prior convictions to impeach him. *United States v. Toney*, 615 F.2d 277, 279 (5th Cir. 1980); *United States v. Hitsman*, 604 F.2d 443, 447 (5th Cir. 1979); *United States v. Langston*, 576 F.2d 1138, 1139 (5th Cir. 1978). We decline the government's invitation to reconsider this rule.

**5.** Appellant seeks to support his argument by asserting that a Georgia law prohibits the use of a nolo plea for any purpose in a subsequent proceeding. Appellant's Brief, at 9. It is unnecessary for us to determine if Georgia Law treats a nolo plea differently from a nolo conviction. Federal procedure in the federal courts can not be dictated by state procedure. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).