542 S.E.2d 63

STATE of West Virginia ex rel. Marjorie Louise WEBB, Petitioner,

v.

Honorable Charles E. McCARTY, Judge of the Circuit Court of Roane County, Respondent.

No. 27765.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 6, 2000.

Decided Nov. 17, 2000.

Dissenting Opinion of Chief Justice Maynard Dec. 5, 2000.

**PER CURIAM:**

Defendant below Marjorie Webb petitions the Court for a writ of prohibition, or in the alternative, a writ of mandamus and a motion for stay, to prevent the Circuit Court of Roane County from trying her on a charge of third offense shoplifting before allowing her to complete a psychiatric evaluation. Webb also challenges the validity of two prior shoplifting convictions. We agree that Ms. Webb should be able to complete her psychiatric examination before proceeding to trial and grant the writ of prohibition directing the court to require the examination.

**I.**

**BACKGROUND**

On May 28, 1999, Marjorie Webb, a 69–year–old resident of Spencer, West Virginia, was indicted for third offense shoplifting for allegedly stealing some items from a grocery store. The indictment relied upon two earlier incidents of shoplifting, to which Ms. Webb had plead no contest.[1]

The court appointed counsel for Ms. Webb, who assisted her in entering a plea of not guilty at a hearing on June 4, 1999. On July 6, 1999, counsel requested a mental examination of Ms. Webb and the court granted this request. Thereafter, the procedural history of this case becomes a comedy of errors, continuances, and missed appointments. In short, although the court agreed to have Ms. Webb examined in July of 1999, that examination had still not been completed a full year later.[2]

Ms. Webb appeared for the January 24, 2000, appointment, but for some reason the doctor's office did not conduct the examination. The court continued the case until March 13, 2000, and a new appointment was set for March 11. Ms. Webb missed that appointment due to illness and the case was continued until April 24, 2000, with a new appointment scheduled for April 8, 2000. Ms. Webb missed that appointment as well.

The court ordered that the case be continued until May 23, 2000, and that the case would be set for trial whether or not the mental examination had been completed. The court also made a finding that the failure to complete the examination was due to Ms. Webb's lack of cooperation.

Richard D. Frum, Esq., Spencer, West Virginia, Attorney for Petitioner.

Rebecca Stafford, Esq., Prosecuting Attorney, Spencer, West Virginia, Attorney for Respondent.

1. Local police cited Ms. Webb for shoplifting two tomatoes, a package of sausage, and a package of sliced ham on September 17, 1997. She signed a form pleading no contest to this charge on September 18, 1997. On May 4, 1998, police charged Ms. Webb with shoplifting two containers of juice. She signed a form pleading no contest to this charge on May 11, 1998.

2. First, Ms. Webb's attorney failed to show at a hearing and had to be replaced. Thereafter, Ms. Webb attended the first of two required visits to complete the mental examination, but missed the second appointment. This second appointment was then rescheduled by the doctor for January 24, 2000.

After numerous delays, on May 23, 2000, counsel for Ms. Webb reported that yet another appointment had been made for the examination for July 3, 2000, and that Ms. Webb was considering a "negotiated settlement" or plea. The court agreed to continue the case until June 1, 2000. However, on that date, Ms. Webb refused to make any sort of negotiated settlement, and as a result the court set the case for trial for June 6, 2000.

Ms. Webb filed her petition for a Writ of Prohibition in this Court on June 5, 2000, requesting that this Court stay the trial below and require the respondent judge to allow her to complete the psychiatric examination as previously ordered. In her petition, she also questions the validity of the third offense shoplifting charges leveled against her. Specifically, Ms. Webb requests that this Court prohibit the lower court from requiring her to stand trial on the charge of Third Offense Shoplifting, and instead require the lower court to reexamine the validity of the first two shoplifting charges.

For the reasons set forth below, we grant a writ of prohibition requiring the completion of the psychiatric examination of Ms. Webb, but we reject Ms. Webb's attack upon the validity of her earlier shoplifting charges.

## II.

### STANDARD OF REVIEW

■■■■ We have long held that, "[p]rohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for writ of error, appeal or certiorari." Syl. pt. 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953); *accord, State ex rel. Garden State Newspapers, Inc. v. Hoke*, 205 W.Va. 611, 520 S.E.2d 186 (1999). Thus our law places a heavy burden on one seeking this particular remedy. "To justify this extraordinary remedy, the petitioner has the burden of showing that the lower court's jurisdictional usurpation was clear and indisputable and, because there is no adequate relief at law, the extraordinary writ provides the only

available and adequate remedy." *State ex rel. Paul B. v. Hill*, 201 W.Va. 248, 254, 496 S.E.2d 198, 204 (1997) (citation omitted). However, we are also aware that we may not allow judges to abuse their discretion: "We grant trial court judges wide latitude in conducting the business of their courts. However, this authority does not go unchecked, and a judge may not abuse the discretion granted him or her under our law." *Lipscomb v. Tucker County Com'n.*, 206 W.Va. 627, 630, 527 S.E.2d 171, 174 (1999).

## III.

### DISCUSSION

#### A. *Prior Charges*

Webb argues that under our case of *State v. Armstrong*, 175 W.Va. 381, 332 S.E.2d 837 (1985), the State may not use her earlier, uncounseled pleas as the basis for the third offense shoplifting charge. She argues that she should have had the benefit of counsel before making her pleas. She claims that, although neither charge alone poses the risk of incarceration, because the charges provide the basis for the third offense indictment (which does carry jail time), the first two charges carried a *de facto* risk of incarceration. That is to say, because the third offense charge carries the risk of jail time, in actuality, so do the first and second charges, though that threat is not triggered without a third offense.

We have heard and disposed of a strikingly similar argument in a recent case. In *State v. Hopkins*, 192 W.Va. 483, 453 S.E.2d 317 (1994), the defendant argued that his third offense shoplifting indictment was invalid because he had not received the benefit of counsel when faced with his earlier charges. We noted:

Mr. Hopkins alleges that a dismissal is required by our holding in *State v. Armstrong*, 175 W.Va. 381, 332 S.E.2d 837 (1985). However, Mr. Hopkins' reliance is misplaced because *Armstrong* was based on *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), which was overruled by the U.S. Supreme Court in *Nichols v. U.S.*, 511 U.S. 738, 114 S.Ct.

1921, 128 L.Ed.2d 745 (1994). In *Nichols,* the Supreme Court allowed enhancement of the defendant's sentence under the United States Federal Sentencing Guidelines based on the defendant's uncounseled misdemeanor conviction for DUI.

*State v. Hopkins,* 192 W.Va. 483, 489, 453 S.E.2d 317, 323 (1994) (footnote omitted).

■ The defendant in *Hopkins* had made the same basic argument made by Ms. Webb: that the use of uncounseled guilty pleas on earlier misdemeanor charges cannot be used to enhance a later sentence or a recidivist charge without violating the sixth amendment to the constitution. But as we explained in *Hopkins,* this is not the case:

> Because we find the Supreme Court's holding in *Nichols* persuasive, we overrule *Armstrong* and hold that under the sixth amendment to the *U.S. Constitution* and article III, section 14 of the *West Virginia Constitution,* "an uncounseled misdemeanor conviction, valid under *Scott,* because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." *Nichols,* 511 U.S. at 749, 114 S.Ct. at 1928, 128 L.Ed.2d at 755 [756].
>
> Because Mr. Hopkins' previous convictions for shoplifting are valid under *Scott,* we find these convictions are also valid when used to enhance punishment in this case and, therefore, reject Mr. Hopkins' third assignment of error.

*State v. Hopkins,* 192 W.Va. 483, 490, 453 S.E.2d 317, 324 (1994).

Our opinion in a subsequent case has partially overruled *Hopkins,* but this basic concept that earlier charges may be used to enhance later charges remains intact. In *State v. Nichols* (not to be confused with *Nichols v. U.S.,* above), we addressed the question of whether evidence of prior convictions or pleas *must* be presented to a jury. We found that it is permissible for a defendant to stipulate to earlier conviction or pleas, and overruled *Hopkins* to the extent

that it conflicted with this procedure. In so doing we relied upon the U.S. Supreme Court case of *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). In *Nichols,* we noted that, "because a status element of an offense is independent of an offense's mental and physical requirements, it was not necessary that a jury be informed of a status element." *State v. Nichols,* 208 W.Va. 432, 443, 541 S.E.2d 310, 321 (1999).

■ However, in *Nichols* we did not address the underlying question of whether the earlier convictions could be used as the basis for an increased penalty for a recidivist offense. We merely held that:

> When a prior conviction constitute(s) a status element of an offense, a defendant may offer to stipulate to such prior conviction(s). If a defendant makes an offer to stipulate to a prior conviction(s) that is a status element of an offense, the trial court must permit such stipulation and preclude the state from presenting any evidence to the jury regarding the stipulated prior conviction(s). When such a stipulation is made, the record must reflect a colloquy between the trial court, the defendant, defense counsel and the state indicating precisely the stipulation and illustrating that the stipulation was made voluntarily and knowingly by the defendant. To the extent that *State v. Hopkins,* 192 W.Va. 483, 453 S.E.2d 317 (1994) and its progeny are in conflict with this procedure they are expressly overruled.

*State v. Nichols,* 208 W.Va. 432, 541 S.E.2d 310 (1999). In the case before us, the matter has not proceeded to trial, yet Ms. Webb asks us to rule, as a matter of law, that her earlier pleas may not constitute the basis for a charge of third offense shoplifting. Because we have previously ruled in *Hopkins,* as modified by *Nichols,* that earlier, uncounseled pleas may indeed be used in this manner, we must reject Ms. Webb's request to invalidate her first two convictions.[3]

---

**3.** We also point out that charges settled by pleas of *nolo contendere* may be used for purposes of sentence enhancement:

> Upon analysis then, what is prohibited by the rules of evidence and criminal rules of proce-

dure is use of the fact of the plea of nolo contendere in subsequent civil or criminal proceedings to prove that the defendant committed the offense to which he entered the plea. See *Israel, supra,* at 801. The rules, however,

## B. *Mental Exam*

While we reject Ms. Webb's reasoning with respect to her prior offenses, we concur with her argument that she is entitled to a mental evaluation. As noted above, the judge granted Ms. Webb's request for a mental evaluation pursuant to W. Va.Code § 27–6A–1. This section provides in pertinent part:

> Whenever a court of record, or in the instance of a defendant charged with public intoxication a magistrate or other judicial officer, believes that a defendant in a felony case or a defendant in a misdemeanor case in which an indictment has been returned, or a warrant or summons issued, may be incompetent to stand trial or is not criminally responsible by reason of mental illness, mental retardation or addiction, it may at any stage of the proceedings after the return of an indictment or the issuance of a warrant or summons against the defendant, order an examination of such defendant to be conducted by one or more · psychiatrists, or a psychiatrist and a psychologist....

W. Va.Code § 27–6A–1(1983).

■ Because of the importance we place upon protecting the rights of the mentally ill, we have underlined the duty of a judge to order an evaluation when conditions warrant: "When a trial judge is made aware of a possible problem with defendant's competency, it is abuse of discretion to deny a motion for psychiatric evaluation. To the extent *State v. Arnold*, 159 W.Va. 158, 219 S.E.2d 922 (1975), differs from this rule, it is overruled." Syl. pt. 4, *State v. Demastus*, 165 W.Va. 572, 270 S.E.2d 649 (1980).

We have also identified the factors a judge is to consider when weighing a defendant's mental condition:

> A judge may be made aware of a possible problem with defendant's competency by such factors as: a lawyer's representation

concerning the competence of his client; a history of mental illness or behavioral abnormalities; previous confinement for mental disturbance; documented proof of mental disturbance; evidence of irrational behavior; demeanor observed by the judge; and, psychiatric and lay testimony about competency.

*State v. Paynter*, 206 W.Va. 521, 528, 526 S.E.2d 43, 50 (1999) (citing *State v. Arnold*, 159 W.Va. 158, 219 S.E.2d 922 (1975) (citations omitted)). In the case before us, the record indicates that Ms. Webb is known by the local police for a history of behavioral abnormalities, and that her lawyers have represented that she may be incompetent to stand trial.

■ The judge was correct when he made his initial determination that Ms. Webb should receive a mental examination pursuant to W. Va.Code § 27–6A–1. While we understand his natural frustration that the examination was not complete a full year after he ordered it, that delay alone is not reason to forgo the examination. In other words, if Ms. Webb's competency were in doubt a year ago, mere delay, in and of itself, cannot have eliminated those doubts. In the recent case of *State v. Paynter*, 206 W.Va. 521, 526 S.E.2d 43 (1999), we found it was reversible error for the judge to refuse the defendant's request for a second mental evaluation, after the first had been conducted by a psychologist alone. We held:

> Due to the profound importance of assuring that criminal defendants are not denied their due process rights by being subjected to trial, conviction or sentencing when they do not possess the requisite mental competence, we hold that when a trial judge orders a competency examination under W. Va.Code § 27–6A–1(a) (1983) (Repl.Vol. 1999), but the examination is not undertaken in the manner required by that statute, the court must grant a subsequent motion

---

do not proscribe the use of a *conviction* premised on such a nolo plea. The distinction between the prohibited use of the plea versus the permissible use of the conviction is critical. As recognized by the Fifth Circuit in *United States v. Williams*, 642 F.2d 136 (5th Cir.1981), ·"[o]nce convicted, whether as a result of a plea of guilty, nolo contendere, or ... [trial], con-

victions stand on the same footing...." *Id.* at 139. Accordingly, we hold that a conviction derived from a plea of nolo contendere may be used for purposes of this state's recidivist sentencing laws.

*State v. Evans*, 203 W.Va. 446, 450, 508 S.E.2d 606, 610 (1998).

for a competency evaluation made by the defendant and order any such examinations as are necessary to comport with W. Va.Code § 27–6A–1(a).

*State v. Paynter,* 206 W.Va. 521, 528, 526 S.E.2d 43, 50 (1999) (footnote omitted). In the case of Ms. Webb, where she has not completed even one mental examination, the need for her prompt evaluation is just as great. Thus we find that the circuit court abused its discretion by failing to allow the petitioner to obtain a mental examination. Accordingly, we grant petitioner's request for a Writ of Prohibition, and order the lower court to see to it that Ms. Webb's examination is completed prior to any trial.

### IV.

### CONCLUSION

For the reasons stated, the petitioner's request for a Writ of Prohibition is granted.

Writ granted as moulded.

MAYNARD, Chief Justice, dissenting.

(Filed Dec. 5, 2000)

I dissent because I do not believe that the circuit court abused its discretion by failing to allow the petitioner to obtain a mental examination. To the contrary, the circuit court agreed to have Ms. Webb examined, and it is her own fault that she was not examined prior to her trial date 11 months later.

According to the majority opinion, the failure of the petitioner to receive a mental examination was due to "a comedy of errors, continuances, and missed appointments." If we read the fine print in footnote 2, however, we see that it was the petitioner's own errors and missed appointments that created the problem. Specifically, the petitioner missed three appointments to be examined. I am not sure what the majority would have the circuit court do differently under these circumstances. Perhaps the circuit judge should have picked the petitioner up at her home, driven her to the doctor's office, and waited there to ensure that the examination was completed. Of course, this would greatly burden circuit judges who already have overcrowded dockets. Or maybe the circuit

court was supposed to continue delaying the petitioner's trial *ad infinitum* until the petitioner decided to cooperate. If this is what the majority expects, criminal defendants now have a sure-fire way to avoid ever having to go to trial.

The fact is that the circuit court in this case acted properly by granting the petitioner a mental examination and giving her a year to complete it. From there, it was up to the petitioner and her lawyer to see that she was examined. By granting as moulded the petitioner's writ, the majority has created yet another way for criminal defendants to impede the wheels of justice. Accordingly, I dissent.