# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **D.B. & S.B.**

**No. 15-0209** (Morgan County 14-JA-33, 14-JA-34, 12-JA-20, & 12-JA-21)

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother H.W., by counsel William Prentice Young, appeals the Circuit Court of Morgan County's January 29, 2015, order terminating her parental rights to D.B. and S.B. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Melinda Dugas, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Nicholas Forrest Colvin, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in determining that the DHHR was not obligated to provide remedial services to her, in denying petitioner's motion for an improvement period, and in terminating her parental rights.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner has two biological children, D.B. and S.B., and two step-children, D.G. and W.G.[2] Petitioner's biological children have been the subjects of two previous abuse and neglect proceedings. The first petition was filed in 2005, during which petitioner received services through the DHHR and successfully completed an improvement period. The second petition was filed in 2012, during which petitioner was awarded an improvement period but chose to relinquish her custodial rights to the children's biological father rather than comply with the terms of another improvement period. The second petition was ongoing at the time the third, and underlying, abuse and neglect petition was filed. Although the third petition was initially filed to protect the step-children, it was later amended to include petitioner's biological children. The

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[2]D.G. and W.G. are the adopted children of petitioner's husband, J.W. Although they were included in the petition below, petitioner makes no assignment of error regarding D.G. and W.G. on appeal. As such, those children are not the subject of this appeal.

1

conditions of abuse and neglect in all three petitions are petitioner's substance abuse and mental illness, and her involvement in domestic violence.

In November of 2013, petitioner began a relationship with the father, J.W., and the two were married on January 6, 2014. J.W. had two adopted children, D.G. and W.G., who were the biological grandchildren of J.W.'s deceased previous wife. Petitioner resided with J.W. and his two children. Petitioner's biological children, D.B. and S.B. resided with their father. In May of 2014, petitioner and J.W. got into an argument over her abuse of prescription Klonopin and her attempt to overdose on Klonopin after a disagreement she had with her ex-husband. Petitioner and J.W.'s argument until it escalated into domestic violence, wherein petitioner punched and scratched J.W. and cut him with a knife. D.G and W.G both witnessed the incident. After being cut, J.W. ran to a local fire station for help. Petitioner continued to behave in an erratic manner in front of her step-children. Both petitioner and J.W. were arrested. Petitioner became combative with the police officers arresting her. She was tased after throwing herself on the floor and kicking at the officers. The DHHR took emergency custody of D.G and W.G and filed an abuse and neglect petition alleging that the children were abused and neglected through their exposure to domestic violence. The petition contained additional allegations concerning petitioner's arrest, her instability, and her threats of suicide by overdose.

In May of 2014, the circuit court held a preliminary hearing and adopted the emergency protective order issued by the Magistrate Court of Morgan County to protect D.G. and W.G. from petitioner. Thereafter, the petition was amended to include petitioner's biological children, D.B. and S.B., and to include allegations against J.W. for dismissing the protective order against petitioner after its adoption by the circuit court, and for allowing petitioner to have contact with D.G. and W.G. despite the circuit court's no-contact order. The petition was amended a second time to include the additional allegations that petitioner and J.W. disregarded the circuit court's no-contact order again and jointly planned, held, and attended a birthday party for one of J.W.'s children.

In November of 2014, the circuit court held an adjudicatory hearing wherein petitioner and J.W. stipulated to the allegations of abuse and neglect, and were adjudicated as abusing parents. Petitioner filed a motion for a post-adjudicatory improvement period which the DHHR and the guardian opposed. The circuit court denied petitioner's motion and found that petitioner had been involved in multiple abuse and neglect proceedings over a nine-year period, and that she did not comply with her last improvement period, which resulted in the removal of her children, D.B. and S.B. The circuit court further found that petitioner had a long history of substance abuse, mental illness, and domestic violence which led to the filing of the current petition.

In January of 2015, the circuit court held a dispositional hearing and, after reviewing the evidence, terminated petitioner's parental rights to D.B. and S.B. The circuit court denied petitioner's request for a dispositional improvement period and placed any decisions regarding visitation at the guardian's discretion. Petitioner now appeals from the dispositional order.

Petitioner's sole argument on appeal is that the circuit court erred in finding that the DHHR was not obligated to provide her with remedial services. The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights. Specifically, petitioner contends that because no remedial services were provided to her, the resulting denial of petitioner's motions for improvement periods and termination of her parental rights was likewise in error. The Court, however, does not agree. We find that the circuit court properly terminated petitioner's parental rights upon a finding that she could not substantially correct the conditions of abuse and neglect.

Petitioner exposed her children to chronic abuse and endangered her step-children and her biological children. Pursuant to West Virginia Code § 49-6-5(b), there is "no reasonable likelihood that conditions of neglect and abuse can be corrected" when "based upon the evidence before the court, the abusing adult . . . [has] demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." Further, where a parent has "habitually abused or are addicted to alcohol, controlled substances or drugs to the extent that proper parenting skills have been seriously impaired . . . and [has] not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning . . . "then there is no reasonable likelihood that the conditions underlying the abuse can be substantially corrected in the near future." W. Va. Code § 49-6-5(b)(1) (2012). The circuit court based its finding that the DHHR was not obligated to provide remedial services upon the evidence of petitioner's nine-year history of continued drug and alcohol abuse, mental illness, and domestic violence. Petitioner's actions over the same nine-year period show that she is unable to correct the conditions leading to the abuse and neglect with or without assistance. The record on appeal shows that this is the third abuse and neglect petition filed against petitioner and that the conditions of abuse identified in 2005 continue to exist. Specifically, petitioner continued to abuse substances, failed to manage her mental illness, and has engaged in more severe domestic violence, this time in front of her step-children. Petitioner has had nine years to correct the conditions of abuse, and neglect but the conditions have further escalated.

We have held that "in some instances, the only remedy is termination of parental rights when there is no reasonable likelihood that the parenting deficiencies or abuse cannot be substantially corrected." *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). There is no evidence on the record that petitioner is capable of remedying the conditions of abuse and neglect substantially or in the near future. "When it is determined that the conditions that gave rise to the removal of the child from the home cannot be remedied, W. Va. Code § 49-6-5(a)(6) (2009) states that termination of the parental, custodial and guardianship rights of the abusing parent is the remedy." *Id.* at 569. Therefore, we find that the circuit court properly terminated petitioner's parental rights upon a finding that she could not substantially correct the conditions of abuse and neglect.

Petitioner further argues that the circuit court erred in denying her motion for an improvement period. Specifically, petitioner contends that the DHHR should have provided her with additional services to aid in correcting the conditions of abuse and neglect. Upon our review, we find that petitioner was not entitled to an improvement period because the circuit court properly terminated her parental rights upon a finding that she could not substantially correct the conditions of abuse and neglect.

West Virginia Code § 49-6-12(b)(2) provides that a parent may be granted an improvement period where the parent proves by clear and convincing evidence that she is likely to fully participate in the terms of the improvement period plan. However, that alternative is not available where a circuit court determines that there is no reasonable likelihood that conditions of abuse and neglect abuse can be substantially corrected in the near future. *In re Emily*, 208 W.Va. 553, 336, 540 S.E.2d 542, 552 (2000) (holding that "a dispositional improvement period is not available to a respondent parent where a finding is made pursuant to W. Va. Code 49-6-5(a)(6) (1977) that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future . . . . ") (internal citations omitted).

Based on our review of the record, we find that petitioner was not entitled to an improvement period because the circuit court properly terminated petitioner's parental rights upon a finding that she could not substantially correct the conditions of abuse and neglect given her continued substance abuse, mental illness, and escalating domestic violence.

For these reasons, the circuit court's termination of petitioner's parental rights was not error. For the foregoing reasons, the circuit court's January 29, 2015, termination order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:
Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II