**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas James McFARLAND, II,**
**Defendant–Appellant.**

No. 80–1323
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

Dec. 22, 1980.

2. The statement was: "If he is a crook or a thief, he should be prosecuted and I will not stand in the way."

Gerald H. Goldstein, Mark Stevens, San Antonio, Tex., Charles O. Grigson, Austin, Tex., for defendant–appellant.

LeRoy Morgan Jahn, San Antonio, Tex., for plaintiff–appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Thomas J. McFarland, II, was convicted following a nonjury trial of possession of cocaine with intent to distribute and conspiracy to possess cocaine with intent to distribute, in violation of 18 U.S.C. §§ 841(a)(1) and 846. On the possession count, he was sentenced to serve two years in prison and three years on special parole; on the conspiracy count, he received three years of imprisonment and three years of special parole.[1] McFarland appeals from his conviction, alleging three errors. First, he contends that his arrest was without probable cause, and thus that the search incident to the arrest was invalid. Second, he maintains that even if the arrest was legal, the search was impermissibly broad.

---

1. The special parole term on the conspiracy count was to begin after completion of the prison term on that count. The sentence and special parole on the possession count were to run concurrently with the sentence and parole on the conspiracy count.

Finally, he claims that there was insufficient evidence to support his conviction. We find no merit to any of his claims, and therefore affirm.

On August 5, 1979, in an Austin, Texas, bar, two undercover agents of the Drug Enforcement Administration negotiated with Arthur Whittall for the purchase of two pounds of cocaine. Whittall said that he could get eight ounces that day and an additional pound and a half the next day. After settling on the price, Whittall phoned his source and then told the agents that he would deliver the cocaine to them in their motel room thirty minutes later. The agents left the bar at 5:05 p. m. and returned to the motel. When Whittall failed to show up at the room, the agents called him twice during the next two hours. Whittall stated that his source was on the way to pick him up and that he would come to the motel room. At 7:35 p. m., a car driven by McFarland pulled into the driveway at Whittall's residence. A police officer saw Whittall, apparently empty-handed, get into the car. The two drove off toward the motel. At 7:55 p. m., they arrived at the motel and Whittall left the car carrying a brown package. He delivered the package to the agents; it contained a bank bag which in turn contained two plastic bags with a total of about eight ounces of cocaine. Whittall was arrested in the motel room.[2] The agents instructed other officers who had been watching McFarland to arrest him. A search of McFarland at the time of arrest revealed a small piece of notebook paper, similar to two seized from Whittall, on which were listed the prices of the cocaine to be sold to the agents.

■ McFarland first claims that the seizure of the incriminating paper was invalid since his arrest was without probable cause. We disagree. Whittall told the agents that another person was involved in the transaction and would be bringing the cocaine to him. He later stated that he was waiting for his source to pick him up. Shortly thereafter, McFarland drove up to Whittall's home and Whittall, empty-handed, got into McFarland's car. McFarland then drove Whittall to the motel where Whittall got out of the car carrying a package. Only after the agents determined that the package contained cocaine was McFarland arrested. These events and observations were "sufficient in themselves to warrant a person of reasonable caution to believe an offense has been or is being committed." *United States v. Williams*, 594 F.2d 86, 91 (5th Cir. 1979), *citing Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

■ McFarland next claims that the seizure of the piece of notebook paper from his shirt pocket was the product of an impermissibly broad search incident to arrest since the arresting officer was not aware of the existence or the incriminating nature of the piece of paper until he seized it from McFarland and read it. This contention is frivolous. The purpose of the doctrine permitting searches incident to arrest is to allow discovery and preservation of destructible evidence like this piece of paper. *Chimel v. California*, 359 U.S. 752, 762–63, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969). Moreover, the validity of the search does not depend on any probability that such evidence will be found; a full search incident to arrest is reasonable and permissible under the Fourth Amendment. *United States v. Robinson*, 414 U.S. 218, 235, 94 S.Ct. 467, 477, 38 L.Ed.2d 427 (1973).

■ Finally, McFarland asserts that there was insufficient evidence to support his conviction. Considering the evidence in the light most favorable to the Government, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Hitsman*, 604 F.2d 443, 446 (5th Cir. 1979), we find that the evidence cited above was clearly enough evidence to support the conviction. The evidence shows not only that McFarland drove Whittall to the motel, but also that the cocaine was

**2.** Whittall later pleaded guilty to possession of cocaine with intent to distribute. Record on Appeal, Vol. 4, p. 3.

being supplied by a person other than Whittall, that Whittall was waiting for his source, that McFarland then came to Whittall's home, and that Whittall got into McFarland's car empty–handed and then left with a package containing cocaine.

◼ In its brief, the Government points out that the Supreme Court has recently held that there is no statutory authority to impose special parole for a narcotics conspiracy under 21 U.S.C. § 846. *Bifulco v. United States*, — U.S. —, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980). We must therefore remand this case to the district court for resentencing consistent with *Bifulco.*

For the foregoing reasons, the conviction is affirmed. The case is remanded to the district court solely for resentencing to remove the special parole term imposed for the conspiracy conviction.

AFFIRMED; REMANDED for correction of sentence.