**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jeffrey R. SHULMAN,
Defendant–Appellant.**

**No. 90–6661.**

United States Court of Appeals,
Fourth Circuit.

Argued May 10, 1991.

Decided July 29, 1991.

---

Marvin David Miller, Alexandria, Va., for defendant-appellant.

Michael R. Smythers, Asst. U.S. Atty., argued (Henry E. Hudson, U.S. Atty., Lena D. Mitchell, Sp. Asst. U.S. Atty., on the brief), Alexandria, Va., for plaintiff-appellee.

Before MURNAGHAN and NIEMEYER, Circuit Judges, and MURRAY, Senior District Judge for the District of Maryland, sitting by designation.

## OPINION

MURNAGHAN, Circuit Judge:

On March 16, 1990, appellant, Jeffrey R. Shulman, was charged in a two-count information in the United States District Court for the Eastern District of Virginia. Count one charged Shulman with a 1984 conspiracy to distribute more than 50 kilograms of marijuana in violation of 21 U.S.C. § 846. Count two charged Shulman with attempted evasion of income taxes due for 1985, in violation of 26 U.S.C. § 7201.

After a plea hearing was held on the same day, Shulman signed an agreement pleading guilty to both counts. At the hearing, Shulman acknowledged, in response to statements made by the prosecution and the court, that he was subject to a prison term of up to fifteen years, a term of supervised release of at least two years, and fines totalling $500,000. He also agreed to pay the amount of taxes due— $223,290—in addition to penalties and interest. He agreed to forfeit $50,000 to the United States, in addition to the proceeds from the sale of two automobiles and real property in the amount of at least $150,000. Shulman also agreed to waive his interest in money lent for a business venture.

On June 1, 1990, the district court sentenced Shulman on count one to a term of six years' imprisonment, a three-year period of supervised release, and a fine of $10,000. On count two, the court sentenced Shulman to serve a concurrent term of three years' imprisonment. In addition, the court imposed a special assessment of fifty dollars for each count. Finally, the court provided for payment of the fine during the period of supervised release.

Subsequently, Shulman filed a motion pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, challenging the term of supervised release and the amount of the fine. The district court denied the motion without oral argument, and Shulman has appealed.

Shulman has first argued that the district court erred as a matter of law in imposing a period of supervised release [1] as part of Shulman's sentence with respect to the conspiracy to distribute count because 1) it is uncontested that the marijuana conspiracy for which Shulman was charged began and ended in 1984, and 2) no statute, law, or decision then in existence permitted the imposition of a term of special parole or supervised release on a marijuana conspiracy. *See* 21 U.S.C. § 846 (1982). Thus, he urges the supervised release in the instant case violated the *ex post facto* clause of the Constitution; U.S. Const. art. I, § 9, cl. 3; and constituted a sentence the district court lacked the authority to impose in light of the Supreme Court's decision in *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980). We address first the statutory issue raised by *Bifulco*.

In *Bifulco*, the Supreme Court specifically held that the 1984 version of the statute under which Shulman was convicted on the conspiracy count—21 U.S.C. § 846—did not authorize imposition of a special parole term. 447 U.S. at 390, 398, 100 S.Ct. at 2253, 2257.[2] A number of federal courts

1. When 21 U.S.C. § 841(b) was amended in 1986, the term "special parole term" was replaced with the phrase "term of supervised release." Pub.L. No. 99–570, Title I, § 1002, 100 Stat. 3207–2 (1986). The terms are thus synonymous, but we have endeavored to employ the terms consistent with the time period in question.

2. In 1984, the penalties for the offense of *conspiracy* were set forth in 21 U.S.C. § 846, which provided in pertinent part that,

> [a]ny person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

The penalties for the *underlying offense* itself which was the object of the conspiracy—distribution of more than 50 kilograms of marijuana—as they existed in December of 1984 were set out in 21 U.S.C. § 841(b)(1)(B), which provided,

> In the case of a controlled substance in schedule I or II except as provided in sub-paragraphs (A) and (C), such person shall be sentenced to a term of imprisonment of not more than *15 years*, a fine of not more than *$125,000*, or both. If any person commits such a violation after one or more prior convictions of him for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of a State, the

> United States, or a foreign country relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 30 years, a fine of not more than $250,000, or both. *Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment* and shall, if there was such a prior conviction, impose a special parole term of at least 6 years in addition to such term of imprisonment.

21 U.S.C. § 841(b)(1)(A) (1982), *amended by* Pub.L. No. 98–473, Title II § 502, 98 Stat. 2068 (1984), *reprinted in* 1984 U.S.Code Cong. & Admin.News (emphasis added). Under *Bifulco*, Shulman faced a maximum of 15 years imprisonment and a $125,000 fine, but not the term of supervised release, for the conspiracy count. Yet the prosecutor at the plea hearing averred that Shulman faced a maximum fine of *$250,000* and a special parole term "of at least *two* years" for the conspiracy count. The prosecutor appears to have been doubly mistaken, perhaps in part because in 1988, Congress amended section 846 to read,

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Pub.L. 100–690, Title VI, § 6470(a), 102 Stat. 4377 (1988), *reprinted in* 1988 U.S.Code Cong. &

have since ruled similarly. *United States v. McFarland,* 633 F.2d 427, 430 (5th Cir. 1980); *United States v. Ochoa–Torres,* 626 F.2d 689, 693 (9th Cir.1980); *United States v. Alvarez,* 626 F.2d 208, 211 (1st Cir.1980).

■■■ While properly conceding that *Bifulco* so held, the government has argued that, even if the wording of the district court's action was improper, the substance of the order was not improper, because, effectually, despite a slip of the tongue, the court imposed what was actually probation subject to conditions, a punishment authorized in 1984 under 18 U.S.C. § 3651. In so arguing, the government has attempted to place reliance on a case which held that the sentencing judge had implicitly suspended part of the sentence when imposing probation despite her failure specifically to say so. *United States v. Makres,* 851 F.2d 1016 (7th Cir.1988), *cert. denied,* — U.S. ——, 110 S.Ct. 417, 107 L.Ed.2d 381 (1989).[3]

■■ The government, however, has failed to address the difficulty that imposition of probation under section 3651 can only accompany jail terms not in excess of six months, that such probation requires suspension of at least part of the sentence,[4] and requires that the accused be confined in a jail or treatment facility rather than a penitentiary. Shulman's six year sentence

does not meet any of those requirements. Non-confinement in a penitentiary was not mentioned. In addition, the district court had but did not choose to take all the opportunity it required to act upon Shulman's Rule 35 motion and correct its "mistake," the so-called slip of the tongue. In declining to do so, the district judge clearly indicated no such intent to impose probation in the first place. It stretches the imagination to call upon us to believe that the district court actually meant to impose probation and implicitly suspended part of the sentence even after the illegality of the sentence had been called to the court's attention.

We therefore reverse that portion of the district court's order denying the Rule 35 motion to correct the imposition of supervised release, and pursuant to our authority under 28 U.S.C. § 2106,[5] modify Shulman's sentence to reflect that the three-year period of supervised release has been stricken.[6]

■■ As for the efforts of Shulman to contest the imposition of the $10,000 fine assessed as part of the sentence on the conspiracy count, he has urged that the district court's failure to make any findings of ability to pay, as required by 18 U.S.C.

Admin.News, 5937. Thus, the new language authorizes imposition of a special parole term for section 846 violations if such punishment is authorized for the substantive offense. Nevertheless, that was not the law as it existed at the time Shulman committed the crime of conspiracy.

3. Despite a suggestion by the government to the contrary, Shulman did not, by his acknowledgment in court of an exposure to supervised release of at least two years, implicitly waive an appeal, nor was he estopped to appeal, the imposition of any supervised release as illegally beyond the sentencing court's power. A guilty plea does not waive jurisdictional challenges; that is challenges to the violation of rights not implicated in the truth seeking process. *See Menna v. New York,* 423 U.S. 61, 62–63, 96 S.Ct. 241, 242, 46 L.Ed.2d 195 (1975). A challenge to the statutory authority of a district court judge to impose a particular sentence is thus not precluded by the entry of a guilty plea. The government made no such estoppel argument in the trial court in any event, and we decline to consider the argument for the first time on

appeal. *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *United States v. One 1971 Mercedes–Benz,* 542 F.2d 912, 915 (4th Cir.1976).

4. Such suspension was not called for here in connection with the imposition of supervised release.

5. Section 2106 provides,

The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

6. Having found the term of supervised release to have been an unauthorized sentence, we need not reach the constitutional *ex post facto* question.

§ 3572,[7] in either the sentencing order of June 1, 1990 or the order denying the Rule 35 motion, is reversible error. Shulman also has contended that, had the district court made the requisite inquiry, evidenced by findings, it would not have been able to impose a $10,000 fine because it would have discovered that Shulman did not have the assets to pay such a fine.

■ As for the need that the district court make findings, our decision in *United States v. Harvey*, 885 F.2d 181 (4th Cir. 1989), *accord United States v. Chorman*, 910 F.2d 102 (4th Cir.1990), is on point. There we vacated and remanded the imposition of a fine imposed for title 21 drug convictions, because the district court had failed to make specific findings as required under section 3572 and because such findings were "essential to effective appellate review of the fines imposed." *Id.* at 183.[8] We therefore reverse the second portion of the district court's denial of the Rule 35 motion whereby the court found it unnecessary to make findings as required by section 3572 and remand the case with directions that the findings be articulated.

7. Section 3572 provides, in pertinent part,

    **(a) Factors to be considered.**—In determining whether to impose a fine, and the amount, time for payment, and method of payment of a fine, the court shall consider, in addition to the factors set forth in section 3553(a)—

    (1) the defendant's income, earning capacity and financial resources;

    (2) the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose;

    (3) any pecuniary loss inflicted upon others as a result of the offense;

    (4) whether restitution is ordered or made and the amount of such restitution;

    (5) the need to deprive the defendant of illegally obtained gains from the offense;

    (6) whether the defendant can pass on to consumers or other persons the expense of the fine; and

    (7) if the defendant is an organization, the size of the organization and any measure taken by the organization to discipline any officer, director, employee, or agent of the organization responsible for the offense and to prevent a recurrence of such an offense.

Accordingly, the judgment of the district court denying Shulman's Rule 35 motion is REVERSED, MODIFIED IN PART, AND REMANDED IN PART.

8. Without stating so explicitly, Shulman also appears to have urged that we make our own findings, because, in so doing, we could only conclude that Shulman is incapable of paying any fine whatsoever. On the other hand, the government has urged that we should distinguish *Harvey* on the theory that it is sufficiently clear from the record that the sentencing judge considered the enumerated factors when he imposed the fine and that we are just as capable of reaching the same conclusion on appeal.

*Harvey* simply provides no room for drawing a distinction in either direction. Making our own findings in either case would essentially write *Harvey* out of existence. Although 28 U.S.C. § 2106 grants us broad power to modify sentences, such modification in the instant case would be premature, because at this point, all Shulman has appealed is the district court's failure to make findings; he cannot appeal the actual propriety of the fine until the district court makes its findings in validation of the sentence. Furthermore, we are not provided with an adequate assessment of what amount, if any, and for what reasons, the district court would elect to act. Finally, there is nothing in the record to indicate that the district court, either at sentencing or when ruling on the Rule 35 motion, gave any consideration to Shulman's *current* ability to pay a fine.