993 F.2d 1540
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jaycee COLLINS, Defendant-Appellant.
 No. 92-5600.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 5, 1993
Decided: May 13, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, District Judge. (CR-92-62)
 Argued: Leonard A. Kaplan, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.
 Michael L. Keller, Office of the United States Attorney, Charleston, West Virginia, for Appellee.
 Hunt L. Charach, Federal Public Defender, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, John C. Parr, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and HILL, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 PER CURIAM:
 
 
 1
 After having been indicted on six counts for violation of the federal drug laws, Jaycee Collins pled guilty to one count of conspiracy to distribute cocaine. He was sentenced to 21 months in prison, fined $1,000, and ordered to serve a three-year term of supervised release. The district court directed that the fine be paid to the extent possible through the Inmate Financial Responsibility Program.
 
 
 2
 Collins' appeal focuses solely on the $1,000 fine. He contends (1) that the district court's determination of his ability to pay was based on secret information from the probation department, denying him a due process right to notice of the information used against him; and (2) that the district court in any event failed to make findings on the statutory factors to be considered in assessing a fine. For the reasons that follow, we reject his arguments and affirm the sentence.
 
 
 3
 After reviewing the presentence report and considering the arguments of counsel, the district court stated:
 
 
 4
 I selected the $1,000 point, which is below the guidelines, and I'm hopeful participation in this program [the Inmate Financial Responsibility Program] will give you no difficulty in meeting that fine, and I'm relying upon a history of recommendations from the probation department based upon their experience with this program in arriving at that figure. The Court has departed downward from the guidelines in imposing even that fine.
 
 
 5
 (Emphasis added). Collins contends that the district court's expressed reliance on past experience with the Inmate Financial Responsibility Program constitutes secret information of which he has no knowledge and that reliance on such information violates his right to due process notice as imposed by Federal Criminal Rule of Procedure 32. See Burns v. United States, 111 S. Ct. 2182, 2185 (1991) (noting that Rule 32 contemplates an adversarial development of factual and legal issues related to sentencing). While we recognize the legal requirements of prior notice and, indeed, the fairness in that requirement, we believe that Collins misinterprets the district court's comments in this case. There is no evidence that the probation department recommended secretly an amount that Collins could pay from the Inmate Financial Responsibility Program. Rather, it appears that the district court was expressing its general familiarity with the program based on past recommendations by the probation department. Certainly, the program is not a secret and could be relied on in any sentencing. This is not a case where the court heard specific testimony or evidence related to the defendant about which the defendant was unaware. Cf. United States v. Berzon, 941 F.2d 8, 21 (1st Cir. 1991) (district court may not rely on information from another sentencing hearing not included in presentence report unless defendant has notice). It is apparent that in sentencing Collins, the district judge made the individualized determination that by departing downward substantially from the sentencing guideline minimum of $4,000 and utilizing the Inmate Financial Responsibility Program, Collins would have no trouble in paying the fine. The government correctly points out that when the number of months of Collins' sentence and supervised release is divided into the fine, the fine amounts to slightly more than $17.50 per month. In these overall circumstances we find no merit in Collins' contention.
 
 
 6
 Collins also contends that the district court's findings to support the $1,000 fine do not satisfy our holdings in United States v. Bruchey, 810 F.2d 456, 458 (4th Cir. 1987) (requiring findings of fact on the statutory factors to be considered in imposing restitution under the Victim and Witness Protection Act), and United States v. Harvey, 885 F.2d 181, 182-83 (4th Cir. 1989) (extending Bruchey to require findings in imposing fines as well). The concern that Collins raises is not whether the district court must make findings, because we have resolved that issue, holding that findings are necessary. Rather the issue is how explicit must these findings be. While the district court did not specifically lay out the different sentencing factors by name, see 18 U.S.C. § 3572(a), it is apparent from the entire record that it considered them. At the sentencing hearing, the court explained its reasons for imposing the sentence and the fine that it did over several pages of transcript. The court observed that the defendant was a "decent productive member of society" who had fallen on his first use of cocaine. "You were previously a very successful person. You earned a college degree.... You had a good job history." The court went on to note that Collins was "an excellent candidate for rehabilitation." The court expressed the hope that Collins would serve his sentence and get his life back into order using those same talents and training he had used to become a productive member of society. The presentence report showed that in fact Collins had had a good job history and substantial assets, and had generated a substantial cash flow. The court recognized that it was "incumbent upon me to impose a fine insofar as there is an ability to pay." The court also found that the fine it was imposing, which was a departure from the sentencing guideline minimum of $4,000, was one which would give Collins "no difficulty." While we recognize that a simple, bald statement by the district court that all sentencing factors were considered is not sufficient, see United States v. Shulman, 940 F.2d 91, 95 (4th Cir. 1991), the record presented here goes significantly beyond that. If the fine had been larger and had created a greater financial burden on the defendant, perhaps more detailed findings might be required. But in the circumstances of this case we find no reversible error.
 
 
 7
 For the reasons given, therefore, we affirm the sentence imposed by the district court.
 
 AFFIRMED