IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
December 29, 2022 12:47 PM
SX-2005-CV-00566
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| ANCILLA VERONICA GITTENS as Personal Representative of the Estate of LEOPOLD GITTENS, <br><br> Plaintiff, <br><br> vs. <br><br> JACQUELINE P. BUTLER as Executrix of the Estate of FRANK BISHOP, M.D., <br><br> Defendant. | **CIVIL NO. SX-2005-CV-00566** <br><br> ACTION FOR MALPRACTICE AND DAMAGES <br><br> **2022 VI SUPER 100** |

## MEMORANDUM OPINION AND ORDER

¶ 1    THIS MATTER is before the Court on Defendant's Rule 12(b)(1) Motion to Dismiss and Motion for an Order to Show Cause ("Motion to Dismiss"), filed June 28, 2022, and Defendant's Motion for Summary Judgment and Motion for an Order to Show Cause ("Motion for Summary Judgment"), filed July 1, 2022.[1] By Order entered August 5, 2022, the Court instructed Plaintiff to provide evidence of compliance with the jurisdictional prerequisites of the Medical Malpractice Act, 27 V.I.C. § 166i(b) ("MMA"). Plaintiff filed her Response on August 16, 2022, and Defendant filed a Reply on September 13, 2022. The Court heard oral argument at the September 22, 2022 status conference. For the reasons set forth below, Defendant's Motion to Dismiss and Motion for Summary Judgment will be denied.

## BACKGROUND

¶ 2    This case stems from the alleged medical malpractice of Dr. Frank Bishop, now deceased, against Leopold Gittens, also now deceased.[2] The Complaint alleges that Plaintiff, who had prostate cancer, was prescribed injections of Zolardex by his physician on the U.S. mainland, and that Dr. Bishop, his physician on St. Croix, failed to provide him with the prescribed medication, despite charging him for doing so. First Amended Complaint, ¶¶ 5-12 (Mar. 3, 2009).

---

[1] Both Motions seek the same relief, dismissal with prejudice, on the same grounds, and both are similar in form and substance. Citation in this Opinion to one Motion and not to the other, or to both, is without legal significance.

[2] Leopold Gittens died January 18, 2009. The Superior Court appointed Ancilla Veronica Gittens as Personal Representative of the Estate of Leopold Gittens on February 20, 2009. Plaintiff's original Verified Complaint, filed September 8, 2005, was amended by First Amended Complaint, deemed filed April 1, 2009, by Order of that date, reflecting that appointment but including no other substantive changes.

¶ 3    By *sua sponte* Order of May 21, 2007,[3] Plaintiff was ordered to submit proof of compliance with the requirements of 27 V.I.C. § 166i, confirming that he had provided a copy of the proposed complaint to the Medical Malpractice Action Review Committee ("Committee") prior to filing this action.[4] On June 5, 2007 Plaintiff filed his Response, providing a copy of counsel's letter dated May 18, 2005 addressed to the Committee "VIA U.S. MAIL," enclosing a copy of the proposed Verified Complaint.[5]

¶ 4    Defendant did not respond or object to Plaintiff's filing as defective until filing the present Motions in June and July 2022, 15 years after Plaintiff provided proof of statutory compliance in response to the trial court's Order. Defendant argues that in those 15 years, Plaintiff has failed to

---

[3] In pertinent part, the Order stated:

> …Pursuant to territorial law, the Superior Court cannot assume jurisdiction over a malpractice action until a proposed complaint is filed with the Office of the Commissioner of Health and reviewed by a Medical Malpractice Action Review Committee. *See* V.I. Code Ann. tit. 27, § 166i (2006), *Missar v. Bucher*, 46 V.I. 15 (Terr. Ct. 2004). Under subsection c of Section 166i, a proposed complaint shall be deemed filed when a copy is delivered or mailed by registered or certified mail to the Commissioner of Health. V.I. Code Ann. tit. 27 § 166i(c) (2006). Nothing within the file demonstrates that Plaintiff complied with the requirements of Title 27, Section 166i(b) and (c) of the Virgin Islands Code. Accordingly, it is hereby
>
> ORDERED that Plaintiff submit proof of filing with the Department of Health the proposed complaint in this matter within Thirty (30) Days, failing which the Court shall issue an Order to Show Cause and impose the appropriate sanctions

Order, May 21, 2007 (Doc. No. 35).

[4] The relevant requirements of the statute are set forth in subsections (b) and (c), as follows:

(b) No action against a health care provider may be commenced in court before the claimant's proposed complaint has been filed with the Committee and the Committee has received the expert opinion as required by this section, provided, that if said opinion is not received by the Committee within ninety days from the date the complaint was filed with the Committee, the claimant may commence his action against the health care provider in court; Provided further, That the commencement of the court action shall not prevent the Committee from obtaining the expert opinion.

(c) The proposed complaint shall be deemed filed when a copy is delivered or mailed by registered or certified mail to the Commissioner of Health, who shall immediately forward a copy to each health care provider named as a defendant at his last and usual place of residence or his office and said health care provider may file a proposed answer to the complaint to the committee within twenty (20) days. The proposed answer shall be deemed filed when a copy is delivered or mailed by registered or certified mail to the Commissioner of Health, who shall immediately forward a copy to the plaintiff.

[5] The proposed Verified Complaint sent to the Committee, dated May 18, 2005, contains only Plaintiff's allegations of medical malpractice against Defendant. Response to Court Order Dated May 21, 2007 (Jun. 5, 2007) (Doc. No. 42). The Verified Complaint filed with the Superior Court to initiate the instant action contains the allegation of malpractice against Defendant, as well as four other counts: breach of contract, fraud, negligent infliction of emotional distress, and punitive damages. Verified Complaint (Sept. 8, 2005) (Doc. No. 1). The First Amended Complaint, which includes the appointment of Ancilla Veronica Gittens as Personal Representative, is currently the operative Complaint, including for purposes of the Motions currently before the Court. First Amended Complaint (Mar. 3, 2009) (Doc. No. 49).

"meet his burden to prove subject matter jurisdiction…in fact, his filings definitively show that he failed to submit a proposed complaint via certified or registered mail as required." Motion for Summary Judgment, at 3. Defendant claims that because the prefiling requirements of the MMA are jurisdictional and thus non-waivable, and because the Complaint was "(1) not sent via certified mail, and was instead sent by 'U.S. MAIL'; and (2) is unaccompanied by any certified mail receipts of mailing or delivery to the necessary parties as required under the Act," this matter must be dismissed. *Id.* at 3, 6.

¶ 5    On August 5, 2022, in light of the issues raised by Defendant's Motions, the Court again ordered Plaintiff to provide evidence of compliance with 27 V.I.C. § 166i, "by proof of mailing of the proposed complaint to the [Committee] and delivery to and/or receipt by the Office of the Commissioner on behalf of the [Committee]." Order (Aug. 1, 2022). In response, Plaintiff provided affidavits of two employees of Plaintiff's counsel, both of whom have been so employed since before this case was filed. Response to Court's August 5, 2022 Order Regarding Jurisdiction ("Response Re: Jurisdiction") (Aug. 16, 2022).

¶ 6    Diane Rawlins, who has been employed by Plaintiff's counsel since January 2002, was the legal secretary assigned to this case in 2005. Affirmation of Diane Rawlins ("Rawlins Affirmation"), ¶¶ 2, 4 (Aug. 16, 2022). Rawlins attested that she personally drafted the letter to the Committee, and "per established procedure, [] placed the signed letter in the tray labeled 'outgoing mail' so that Michael Williams, the copy clerk/messenger can then follow the following procedure: scan the letter into our electronic filing system, place the letter in an envelope, place a stamp on it then take it to [USPS]." *Id.* at ¶¶ 5-6. Rawlins further attested that "if a letter sent regular U.S. mail could not be delivered, [USPS] has always, since 2002 when I began working with Rohn's firm, sent the letter back to our office with 'Return to Sender' and an explanation of why the letter was not delivered." *Id.* at ¶ 7. Lastly, Rawlins provided two examples of such returned mail as Exhibits B and C, and attested that USPS never returned the letter she drafted to the Committee as undelivered. *Id.* at ¶¶ 8-9.

¶ 7    Michael Williams, who has been employed by Plaintiff's counsel since September 2003, was the copy clerk/messenger at the time this case was filed and continues to hold that position to this day. Affirmation of Michael Williams ("Williams Affirmation"), ¶¶ 2, 4 (Aug. 16, 2022). Williams attested that "any letter placed in the tray labeled 'outgoing mail' would be personally

processed by me based on the mailing instructions contained in the letter." *Id.* at ¶ 6. Williams also attested that letters which could not be delivered would be returned by USPS, and "it would be my job to scan the envelope with the USPS return explanation into the firm's electronic filing system." *Id.* at ¶¶ 9-10. Williams also provided examples of returned mail as exhibits, and attested that USPS never returned the letter he mailed to the Committee, and a "Return to Sender" envelope regarding the letter was never sent back to counsel's office. *Id.* at ¶¶ 11-13.

## LEGAL STANDARD

¶ 8     Defendant seeks dismissal pursuant to Virgin Islands Rule of Civil Procedure 12(b)(1) and summary judgment pursuant to Rule 56, arguing that the Superior Court lacks subject matter jurisdiction over this action. "Where a statute establishes a specific procedure for invoking the Superior Court's jurisdiction, the failure to follow that procedure deprives the Superior Court of its jurisdiction." *Public. Emples. Rel. Bd. v. United Indus. Workers-Seafarers Int'l Union*, 56 V.I. 429, 434 (V.I. 2012) (quoting *In re Guardianship of Smith*, 54 V.I. 517, 526 (V.I. 2010)). The plaintiff "always bears the burden of convincing the court, by a preponderance of the evidence, that the court has jurisdiction." *Lynch v. Juan F. Luis Hosp. & Med. Ctr.*, 2018 V.I. LEXIS 25, at *2 (V.I. Super. Feb. 20, 2018) (internal citations omitted). Lack of subject matter jurisdiction can be raised at any time throughout a judicial proceeding, and "if the court determines at any time that it lacks subject matter jurisdiction, the court *must* dismiss the action." V.I. R. Civ. P. 12(h)(3) (emphasis added).

¶ 9     However, even the violation of "a specific procedure for invoking the Superior Court's jurisdiction" does not end the inquiry. *See Public Emples. Rel. Bd.*, 56 V.I. at 434. "As the United States Supreme Court has [] reiterated, a statute is 'jurisdictional' if 'it governs a court's adjudicatory capacity, that is, its subject matter or personal jurisdiction,' while a statute is 'claims processing' if it 'seeks to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times,' but it does not intend to limit a court's authority to hear a case.'" *First Am. Dev. Group/Carib, LLC v. WestLB AG*, 55 V.I. 594, 611 (V.I. 2011) (quoting *Henderson v. Shinseki*, 562 U.S. 428, 429 (2011). When analyzing whether a statute is jurisdictional or claims processing, courts consider legislative intent. *Rivera-Moreno v. Gov't of the Virgin Islands*, 61 V.I. 279, 300 (V.I. 2014) (internal citations omitted). "Importantly,

there must be a 'clear' sign of the Legislature's intent to make a statutory requirement jurisdictional." *Id.* (citing *Brooks v. Gov't of the Virgin Islands*, 58 V.I. 417, 426 (V.I. 2013)).

¶ 10    Title 27 V.I.C. § 166i, which established the Committee, requires that before a malpractice claimant is permitted to file an action in the Superior Court, they must first file their complaint with the Committee, and "the proposed complaint shall be deemed filed when a copy is delivered or *mailed by registered or certified mail* to the Commissioner of Health." 27 V.I.C. § 166i(b)-(c) (emphasis added).

¶ 11    The Supreme Court of the Virgin Islands has held that the pre-filing requirements of the MMA are "non-waivable jurisdictional conditions that must be satisfied in order to vest the Superior Court with subject matter jurisdiction to hear an individual's medical malpractice claims." *Brady v. Cintron*, 55 V.I. 802, 820 (V.I. 2011). In *Brady*, the plaintiff argued that her failure to wait the statutorily required 90 days after filing her complaint with the Committee to file with the Superior Court was a "technical deficiency." *Id.* at 812. In holding that the plaintiff's failure was a jurisdictional defect, the Supreme Court drew a distinction between jurisdictional requirements and claims processing rules, the latter which "can be equitably tolled or even waived." *Id.* at 815, 818; *see Bryan v. Gov't of the Virgin Islands*, 56 V.I. 451, 455-56 (V.I. 2012) ("a claims processing rule is a procedural requirement that 'is not jurisdictional...[and] as with other judicially-created doctrines, is subject to waiver") (quoting *Vazquez v. Vazquez*, 54 V.I. 485, 489 n.1 (V.I. 2010); *see also Kontrick v. Ryan*, 540 U.S. 443, 456 (2004) (a claims processing rule can be "forfeited if the party asserting the rule waits too long to raise the point").

## DISCUSSION

¶ 12    Here, unlike in *Brady*, Plaintiff's claim is not properly barred for lack of subject matter jurisdiction. While the statutory prerequisite of notice to the Committee is jurisdictional, the procedural method by which that notice is accomplished, including the means by which the complaint is delivered, is claims processing, in that it simply "seeks to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Guerra v. Consol. Rail Corp.*, 936 F.3d 124, 132 (3d Cir. 2019) (internal citations omitted). "The purpose of the MMA, which is to eliminate claims lacking merit," demonstrates that the Legislature did not intend the method of delivery to be a jurisdictional bar to the judiciary, which

prefers to reach decisions on the merits, rather than "dismissals on mere technicalities." *Romano v. V.I. Gov't Hosps. & Health Facilities Corp.*, 2017 V.I. LEXIS 180, at \*4 (V.I. Super. Dec. 6, 2017) (internal citations omitted).

### *I.* *Plaintiff's Complaint is Deemed Filed Pursuant to the Mailbox Rule*

¶ 13    Plaintiff concedes that the proposed complaint was sent to the Committee via regular U.S. mail rather than registered or certified mail. Defendant thus argues that Plaintiff's failure to use registered or certified mail is a failure of compliance with the Court's 2007 Order and a failure of compliance with the pre-filing requirements of 27 V.I.C. § 166i, mandating dismissal. Motion to Dismiss, at 1.

¶ 14    The Court finds, however, that Plaintiff has provided enough evidence to raise a presumption of delivery of the proposed complaint to the Committee, by the application of the common law doctrine of the "mailbox rule." That rule provides that if a mailing "properly directed is proved to have been either put into the post-office or delivered to the postman, it is presumed...that it reached its destination at the regular time, and was received by the person to whom it was addressed." *Lupyan v. Corinthian Colleges, Inc.*, 761 F.3d 314, 319 (3d Cir. 2014) (citing *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884)). To determine whether to apply the mailbox rule in the absence of binding precedent, the Court must conduct a *Banks* analysis to decide whether its application represents the soundest rule for the Virgin Islands. If so, we must determine how the rule affects the issue whether Plaintiff's counsel's May 18, 2005 letter to the Committee was "delivered" in compliance with the pre-filing requirements of the MMA.

¶ 15    When confronted with an issue of common law that has yet to be addressed by the Virgin Islands Supreme Court, the Court conducts a *Banks* analysis to determine the applicable law. *See Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011). This analysis requires balancing of three non-dispositive factors: "(1) whether any Virgin Islands courts have previously adopted a particular rule; (2) the position taken by a majority of courts from other jurisdictions; and (3) most importantly, which approach represents the soundest rule for the Virgin Islands." *Thomas v. V.I. Bd. of Land Use Appeals*, 60 V.I. 579, 591 (V.I. 2014) (internal citations and quotation marks omitted).

¶ 16    As to the first factor, there is only one Virgin Islands case that mentions the mailbox rule as defined above.[6] *See AA Supplies of St. Thomas v. Sugar Bay Club & Resort Corp.*, 2019 V.I. LEXIS 167, at \*19 (V.I. Super. Nov. 21, 2019) (citing *Lupyan*, 761 F.3d at 319). It states:

> The mailbox rule sanctions the formation or completion of a contractual undertaking upon the act of sending where the use of the mail is authorized by the other party as the medium for response. In fact, a presumption of receipt derives from the longstanding common law mailbox rule. Under its precepts, if mail is properly directed [and] proved to have been either put into the post office or delivered to the postman, it is presumed…that it reached its destination at the regular time, and was received by the person to whom it was addressed.

*Id.* (internal citations and quotations omitted).

¶ 17    The foregoing constitutes the entire discussion of the mailbox rule in that case, which included no *Banks* analysis. *See Gov't of the Virgin Islands v. Connor*, 60 V.I. 597, 603 (V.I. 2014) (the first step in the *Banks* analysis "requires the Superior Court to ascertain whether any other local courts have considered the issue and rendered any reasoned decisions upon which litigants have grown to rely"). Still, although the case does not expressly adopt the mailbox rule and despite the lack of Virgin Islands caselaw, *AA Supplies* relies upon and implicitly adopts the rule as one of longstanding common law. 2019 V.I. LEXIS 167, at \*19.

¶ 18    Regarding the second factor, both state and federal courts outside the Virgin Islands have accepted the mailbox rule as a well-established principle of common law.[7] It was first described by the Supreme Court of the United States in *Rosenthal v. Walker* in 1884. 111 U.S. at 193. It has also been adopted by the RESTATEMENT (SECOND) OF CONTRACTS § 63 (generally, acceptance of a contract is effective when mailed, regardless of whether it reaches the offeror). According to Lexis, this proposition taken from *Rosenthal* has been cited 156 times, only three of which were to distinguish the rule.[8] Citing *Rosenthal*, the Supreme Court later held that "the rule is well settled

---

[6] Two Virgin Islands Supreme Court cases mention the "prisoner's mailbox rule," Virgin Islands Rule of Appellate Procedure 5(c), which provides that "a notice of appeal filed by an inmate confined in an institution 'is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing.'" *Montgomery v. Virgin Grand Villas St. John Owners' Ass'n*, 71 V.I. 1119, 1127 n.5 (V.I. 2019); *see also Smith v. Turnbull*, 54 V.I. 369, 377 n.6 (V.I. 2010).

[7] *See Bryan v. Fawkes*, 61 V.I. 201, 224 (V.I. 2014) (internal citation omitted) ("Although the tenets of statutory construction applied to federal statutes by the U.S. Supreme Court may be highly persuasive, they do not bind [the Virgin Islands Supreme] Court in its interpretation of statutes passed by the Virgin Islands Legislature.").

[8] *See Pondexter v. Allegheny County Hous. Auth.*, 2012 U.S. Dist. LEXIS 142400 (W.D.P.A. 2012) (requiring that plaintiff allege more than just a presumption of delivery for the court to hear a motion for reconsideration); *Lavallee v. Med-1 Sols., LLC*, 2017 U.S. Dist. LEXIS 162508 (S.D. Ind. 2017) (presumption inapplicable to web-based email

that proof that a letter properly directed was placed in a post office, creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed." *Hagner v. United States*, 285 U.S. 427, 430 (1932). According to Lexis, this proposition taken from *Hagner* has been cited 197 times, only three of which were to distinguish the rule.[9]

¶ 19    Lastly, and most importantly, the Court finds that the mailbox rule represents the soundest rule for the Virgin Islands as a commonsense principle of common law. It allows courts to infer by a preponderance of the evidence – where no direct evidence is available due to circumstances including but not limited to the passage of time, natural disaster, or human error – that mail sent in its normal course has been received.

¶ 20    In *Lynch*, the court noted that "in order to plead a plausible claim under the MMA, [the plaintiff] was required to plead facts demonstrating the date she timely filed a proposed complaint." 2018 V.I. LEXIS at *4 (citations omitted) (brackets in original). The Third Circuit has held that in the absence of actual proof of delivery, a sworn statement by an affiant with "'personal knowledge' of the procedures in place *at the time of the mailing*" further bolsters the presumption under the mailbox rule. *Lupyan*, 761 F.3d at 320 (citing *Kyhn v. Shinseki*, 716 F.3d 572, 574 (3d Cir. 2013)) (emphasis added).

¶ 21    Plaintiff here has presented facts upon which the Court presumes the timely delivery of notice to the Committee by proposed complaint. Specifically, Plaintiff provides two affidavits, both from individuals employed by Plaintiff's counsel at the time of the filing of this action. *See* Response Re: Jurisdiction; Rawlins Affirmation; Williams Affirmation. Both affiants certify that the May 18, 2005 letter to the Committee with attached proposed Verified Complaint was deposited in the mail pursuant to the office's normal practice and routine. Both affiants further stated that if a letter sent via regular mail was undeliverable, the United States Post Office would

---

attachments); *Payan v. Aramark Mgmt. Servs. L.P.*, 495 F.3d 1119 (9th Cir. 2007) (mailbox rule presumption applies only where receipt is in dispute).

[9] *See Eddington v. United States DOD*, 35 F.4th 833 (DC Cir. 2002) (the mailbox rule presumption is inapplicable to FOIA requests); *Kempf v. State*, 181 Ohio App. 3d 623 (Ohio Ct. App. 2009) (weighing the presumption against the state's exercise of governmental functions such as administering the prison system); *Chrysler Motors Corp. v. Schneiderman*, 940 F.2d 911, 914 (3d Cir. 1991) (distinguishing between "service of papers among parties and the filing of papers with the court").

return it with a Return to Sender stamp/label that said 'undeliverable' and provide the reason that the letter was not delivered. Rawlins Affirmation, ¶ 7; Williams Affirmation, ¶ 9. Both further attested that no such returned mail was received regarding the May 18, 2005 letter to the Committee. Rawlins Affirmation, ¶ 9; Williams Affirmation, ¶¶ 12-13.

¶ 22    Defendant's proffered evidence falls short of rebutting the presumption raised by Plaintiff's affirmations that the proposed complaint was delivered to the Committee with counsel's May 18, 2005 letter. *Lupyan*, 761 F.3d at 320 ("the presumption of receipt 'imposes the burden of production on the party against whom it is directed'") (internal citations omitted). Defendant offers only an eight-sentence affidavit from the current custodian of records for the Committee, stating that it is the Committee's "ordinary practice" to keep all records of proposed medical malpractice complaints, and stating that "there is no record that the Committee or the Commissioner received any proposed complaint from Leopold Gittens, the estate of Leopold Gittens, or their counsel prior to the commencement of this action." Reply, Affidavit of Raphael Joseph, ¶¶ 5-8.

¶ 23    There are myriad reasons why the present custodian may have been unable in 2022 to locate the record of Plaintiff's proposed complaint mailed to the Committee 17 years earlier. Unlike Plaintiff's affiants, Defendant's affiant records custodian has not stated that he was at the Committee in 2005 or otherwise affirmatively stated that the letter was never received. Defendant's evidence that "there is no record that the Committee or the Commissioner received any proposed complaint" prior to the filing of this action fails to rebut Plaintiff's circumstantial proof of timely mailing on May 18, 2005 and presumed delivery and receipt of the proposed complaint by the Committee. *See* Defendant's Reply in Support of Her Rule 12(b)(1) Motion to Dismiss and Motion for an Order to Show Cause, 2 (Aug. 1, 2022).

¶ 24    Defendant's counsel suggested at oral argument that even if the Committee had timely received delivery of Plaintiff's proposed complaint, the Court would nonetheless still be divested of jurisdiction because the complaint was delivered by regular, rather than registered or certified U.S. mail. Such an argument borders on the nonsensical, promoting form over substance to an absurd degree, and renders a nullity of the purpose of the notice requirement – to avoid needless litigation on matters that should be readily resolved or dismissed. Defendant's urging that the Court elevate form over substance is dismissed out of hand.

## *II. Defendant's Objection to a Claims Processing Error is Deemed Waived*

¶ 25    Further, even if the mailbox rule did not establish delivery of Plaintiff's proposed complaint to the Committee, Defendant's 15 year delay in raising the issue, that the Court deems to be claims processing rather than jurisdictional, constitutes a waiver of Defendant's right to object and seek relief on those grounds. This is because, "as with other judicially-created doctrines," claims processing rules are subject to waiver and can be "forfeited if the party asserting the rule waits too long to raise the point." *Bryan*, 56 V.I. at 456 (quoting *Vazquez*, 54 V.I. at 489 n.1; *Kontrick*, 540 U.S. at 456); *see also Ottley v. Estate of Bell*, 61 V.I. 480, 492, 495 (V.I. 2014) (noting that claims processing rules may be "non-waivable" if the rule "implicates judicial interests beyond those of the parties") (internal citation omitted).

¶ 26    The Court concurs with Plaintiff's argument that the "Legislature has not prescribed [27 V.I.C.] § 166i(c)'s mailing procedure as part of the jurisdictional provision of 27 V.I.C. § 166i(b)." Plaintiff's Opposition to Rule 12(b) Motion to Dismiss, at 19 (Jul. 29, 2022). In *Rahhal v. Clarke*, the Appellate Division of the Superior Court recently analyzed the statutory structure and found "no clear indication" that the Legislature intended the pre-filing requirements of the Motor Vehicles Trade Practices Act to be jurisdictional. 2022 V.I. SUPER 67U, ¶¶ 12-14 (V.I. Super Jul. 20, 2022). In that case, the mandatory statutory language – requiring that before bringing a civil action against a used car dealer, a "consumer shall first submit his dispute to the Department of Licensing and Consumer Affairs for review" (12A V.I.C. § 185(a)(1)) – was deemed to be a claims processing rule that was waived on appeal because it had not been raised at trial.

¶ 27    The United States Supreme Court has noted the "critical difference between a rule governing subject-matter jurisdiction and an inflexible claim-processing rule. Characteristically, a court's subject-matter jurisdiction cannot be expanded to account for the parties' litigation conduct; a claim-processing rule, on the other hand, even if unalterable on a party's application, can nonetheless be forfeited if the party asserting the rule waits too long to raise the point." *Kontrick*, 540 U.S. at 456. Here, notwithstanding the mandatory language of the statute ("[t]he proposed complaint shall be deemed filed when a copy is delivered or mailed by registered or certified mail…"), Defendant failed to argue the necessity of registered or certified mail 15 years after the issue was raised *sua sponte* by the Court. That unexplained and unexcused delay can only

be viewed as Defendant's waiver of this argument as untimely, requiring for this reason also that Defendant's Motions must be denied.

On the basis of the foregoing, it is hereby:

ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED; it is further

ORDERED that Defendant's Motion for Summary Judgment for Lack of Subject Matter Jurisdiction is DENIED.

SO ORDERED this _29_ day of December, 2022.

_____
DOUGLAS A. BRADY, JUDGE

**ATTEST:**
TAMARA CHARLES
Clerk of the Court

By: _____

Court Clerk Supervisor
12/29/2022

**DISTRIBUTION LIST:**
Lee J. Rohn, Esq.
Robert L. King, Esq.

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

December 29, 2022 12:50 PM
SX-2005-CV-00566
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
District of St. Croix

| | |
|---|---|
| **LEOPOLD GITTENS,** | Case Number: **SX-2005-CV-00566** |
| **Plaintiff** | Action: **Damages** |
| **v.** | |
| **FRANK BISHOP,** | |
| **Defendant.** | |

## NOTICE of ENTRY
## of
## <u>Memorandum Opinion and Order</u>

**To:** Lee J. Rohn, Esq.                    Robert L. King, Esq.

**Please take notice that on December 29, 2022**
a(n) _____ **Memorandum Opinion and Order** _____
dated **December 29, 2022** was/were entered
by the Clerk in the above-titled matter.

**Dated:** **December 29, 2022**                    **Tamara Charles**
                                                      **Clerk of the Court**

By:



**Iris Cintron**
**Court Clerk Supervisor**